Damion D. D. Robinson, Cal. Bar No. 262573
  dr@robinsonmarkevitch.com
David Markevitch, Cal. Bar No. 256163
  dm@robinsonmarkevitch.com
Jimmie Davis Parker Cal. Bar No. 252023
  jdp@robinsonmarkevitch.com
ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Blvd., Suite 200
West Hollywood, CA 90069
Tel. (213) 757-7778

Raymond P. Boucher, Cal. Bar No. 115364
  ray@boucher.la
Shehnaz M. Bhujwala, Cal. Bar No. 223484
  bhujwala@boucher.la
BOUCHER LLP
21600 W Oxnard Street Suite 600
Woodland Hills, CA 91367
Tel. (818) 340-5400

[Additional counsel listed on Motion]

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOES 1, an individual, et al., | Case No.: 2:25-CV-00898-GW-SSC |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **SUPPLEMENTAL DECLARATION OF DAMION ROBINSON IN SUPPORT OF MOTION TO APPOINT INTERIM CLASS COUNSEL** |
| JAIME S. SCHWARTZ, MD, an individual, et al, | |
| Defendants. | Date:   June 26, 2025 |
| | Time:   8:30 a.m. |
| | Courtroom 9D, 9th Floor |
| | [Filed concurrently: 1. Reply] |

- 1 -

I, Damion Robinson, declare:

1.    I am a founding partner of Robinson Markevitch & Parker LLP, counsel of record to Plaintiffs Jane Does 1-16 ("Plaintiffs"). I have personal knowledge of the facts below. I could testify competently to these facts if required. I submit this Supplemental Declaration to address the arguments and factual assertions made in the Memorandum in Opposition to Jane Does 1-16's Motion to Appoint Interim Class Counsel (the "Opposition") and request for appointment of Strauss Borrelli PLLC ("Borrelli") and Haeggquist & Eck, LLP ("HAE") therein.

2.    Attached as **Exhibit 1** is a true and correct copy of a listing of cases in which attorney Raina Borrelli has appeared in the Central District of California, which I obtained from the Court's CM/ECF system.

3.    Attached as **Exhibit 2** is a true and correct copy of a listing of cases in which Ms. Borrelli has appeared in the Northern District of California, which I obtained from that court's CM/ECF system.

4.    Attached as **Exhibit 3** is a true and correct copy of a listing of cases in which Ms. Borrelli has appeared in the Northern District of Illinois, which I obtained from that Court's CM/ECF system.

5.    Attached as **Exhibit 4** is a true and correct copy of a listing of cases in which Alreen Haeggquist has appeared in the Central District of California, which I obtained from the Court's CM/ECF system.

6.    Attached as **Exhibit 5** is a true and correct copy of a Joint Request for Dismissal in the case entitled *James Uharriet, et al. v. Mylife.com, Inc.*, Northern District of California, Case No. 3:21-cv-08229-VC, which I obtained from the Northern District of California CM/ECF system.

7.    Attached as **Exhibit 6**, collectively, are true and correct copies of the California State Bar Attorney Profiles for the attorneys employed at HAE, which I obtained from the California State Bar website.

8.    The Opposition portrays the leadership structure proposed by Boucher

ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Boulevard, Suite 200
West Hollywood, California 90069

ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Boulevard, Suite 200
West Hollywood, California 90069

LLP and our firm as "male dominated" and non-diverse. This is not accurate. Our firm is committed to diversity. Every associate attorney and staff member we have ever hired has been a woman, a person of color, or both, including our current associates.

9.    My partner, David Markevitch, and I spent weeks attempting to negotiate a joint leadership structure and, when that failed, attempting to streamline the consolidation and appointment process by stipulation. These discussions spanned almost three months from late March 2025 through June 2025.

10.    Beginning in late March, I had a series of email exchanges and phone calls with Ms. Borrelli and Aaron Olsen of HAE regarding a potential leadership structure in this case. During these discussions, Ms. Borrelli appeared distracted by other engagements, seemed to disregard our input on the issues, and was regularly traveling on unrelated matters, making it difficult to engage in discussions.

11.    During these discussions, on April 22, 2025, Ms. Borrelli sent all other plaintiffs' counsel an email, indicating that she wanted to move the process forward quickly and "intend[ed] to seek a leadership role in this case whether it's be [*sic*] consent or through motion practice." A true and correct copy of this email is attached as **Exhibit 7**. At that time, HAE had not secured a transfer of the *Tuulik* action to this Court, so the cases could not be related or consolidated.

12.    On April 24, 2025, I sent Ms. Borrelli a detailed proposal. She responded, "This generally seems reasonable to me." A true and correct copy of our email exchange is attached as **Exhibit 8**.

13.    Ms. Borrelli later informed me that HAE did not agree to the proposal. I then spoke with Ms. Borrelli and Mr. Olsen on May 6, 2025, and Mr. Olsen confirmed that the proposal was not acceptable.

14.    On May 8, 2025, Mr. Olsen circulated a counterproposal in the form of a draft Joint Prosecution Agreement. Because the draft agreement states that the terms are confidential, I have not attached it. The substantive terms dealt primarily with allocation and distribution of fees and costs.

ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Boulevard, Suite 200
West Hollywood, California 90069

15. The proposal was unacceptable for a number of reasons, including:

    a.    It failed to contain any concrete leadership structure or proposal for how the firms would allocate responsibility, instead leaving this for determination by counsel or the Court.

    b.    It contained what I believed to be unreasonable provisions dealing with case costs, including (a) a requirement that our firm set up a "litigation fund," subject to obtaining contributions from the other firms; and (b) that the firms could seek to recover "general office costs and expenses" from an eventual recovery, which did not appear to be in the interests of the putative class.

    c.    The proposal contained unreasonable provisions relating to the allocation of work and any eventual fees. Although it provided a guideline for percentage allocations of work, it went on to state that the actual work allocation might "deviate[] materially from the agreed division."

Combined with the lack of a clear leadership structure, the terms of the proposed Joint Prosecution Agreement did not appear reasonable or in the interests of the class.

16. On May 9, 2025, I emailed Mr. Olsen and Ms. Borrelli that the proposal would not work for us or our clients "from a leadership perspective." A true and correct copy of my email and Ms. Borrelli's response is attached as **Exhibit 9**.

17. The assertion that we filed our Motion to Consolidate and Appoint unilaterally in violation of an agreement among the parties is not accurate. Early on, while the parties were still discussing joint leadership, Ms. Borrelli circulated consolidation briefing that her firm prepared. We continued to discuss a joint leadership proposal but could not reach agreement as discussed above.

18. Shortly after I emailed counsel that we could not accept the HAE proposal, on May 9, 2025, Ms. Borrelli responded that her firm "had consolidation papers ready." *See* Exhibit 9. Two days later, May 11, she circulated a copy,

- 4 -

indicating that she wanted to file the motion to consolidate the following Tuesday. A true and correct copy of an email exchange between Ms. Borrelli and me in this regard is attached as **Exhibit 10**.

19.    At that time, the process of transferring the *Tuulik* action to this Court had not been completed, and the cases had not been related. I promptly responded to Ms. Borrelli's email and advised that we would "go ahead and file the request to consolidate and appoint in the low-numbered case." *See* Exhibit 10.

20.    After filing the Motion to Consolidate and to Appoint on May 11, I provided copies to Ms. Borrelli and Mr. Olsen as a courtesy, although neither had appeared in this case. Ms. Borrelli emailed me on May 14, 2025 about the Motion, but did not claim that we violated some "agreement" to file a joint motion. *See* Exhibit 10.

21.    Thereafter, we spent more than two weeks negotiating stipulations to consolidate the four actions and for a briefing schedule on appointment.

22.    Attached as **Exhibit 11** and **Exhibit 12** are two email exchanges with Ms. Borrelli and Mr. Olsen attempting to negotiate a stipulation to consolidate and to set a briefing schedule. As reflected therein, we negotiated the stipulation for almost a week and reached apparent agreement with Ms. Borrelli on the outstanding issues other than whether Borrelli and HAE could file sur-replies. I circulated a draft stipulation to all counsel on May 19, 2025. Mr. Olsen responded the following day by making a completely different proposal, including that the pending Motion to Consolidate and to Appoint be withdrawn and each group would file its own "application" for appointment.

23.    Since the parties agreed that the cases should be consolidated, and since we did not have agreement on appointment briefing, I put together a separate stipulation to consolidate the four cases and circulated it to all counsel. Reaching agreement on this stipulation also became unreasonably difficult. Despite the clear intention to address consolidation only, given the parties' disagreement on appointment briefing, Ms. Borrelli added language requiring the parties to submit a

ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Boulevard, Suite 200
West Hollywood, California 90069

proposed briefing schedule, which would have made it impossible to keep the June 26, 2025 hearing date on calendar. That hearing had already been continued once to accommodate other parties. True copies of two email exchanges with Ms. Borrelli and Mr. Olsen in this regard are attached as **Exhibit 13** and **Exhibit 14**.

24.     Despite these difficulties, we were eventually able to negotiate agreements on both issues. We obtained a Stipulation to Relate and Consolidate, which we filed on June 3, 2025. We also continued to negotiate with Borrelli and HAE regarding a briefing schedule on appointment and were finally able to agree on a briefing schedule and to submit a Stipulation on June 4, 2025. The Court approved both of these Stipulations, streamlining the consolidation and appointment process.

25.     Attached as **Exhibit 15** is a true and correct copy of the order entered October 28, 1992 in the matter entitled *In re Raymond Paul Boucher on Discipline*, State Bar Court Case No. 88-O-12938.

26.     The statement in the Opposition that my firm has "aggressively" pursued Plaintiff Darlene Tuulik, including after she "told [us] no" is simply false. On February 6, 2025, Ms. Tuulik contacted us and spoke to a staff member. She then sent me an email the same day following up, and I replied the same day.  Ms. Tuulik sent me another email on February 6 to which I replied on February 11. I did not ask Ms. Tuulik to hire our firm or to serve as a representative. On February 16, 2025, after discovering that she had attempted to "out" our class representative, I wrote to HAE and noted that Ms. Tuulik had previously contacted our firm, but had apparently elected to move forward with HAE.

27.     Attached as **Exhibit 16** is a true and correct copy of the electronic docket for the case entitled *Jane Doe v. Jaime S. Schwartz MD PC, et al.*, Case No. 2:25-cv-02263, which I obtained from the Court's CM/ECF system.

28.     Attached as **Exhibit 17** is a true and correct copy of the electronic docket in the removed action entitled *Jane Doe v. Jaime S. Schwartz MD PC*, Case No. 2:25-cv-03393-GW-SSC (previously Los Angeles Superior Court, Case No.

ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Boulevard, Suite 200
West Hollywood, California 90069

25STCV07155), which I obtained from the Court's CM/ECF system.

29.    Attached as **Exhibit 18** is a true and correct copy of the caption page and signature page of the Class Action Complaint filed in Case No. 2:25-cv-02263, which I obtained from the Court's CM/ECF system.

30.    Attached as **Exhibit 19** is a true and correct copy of the caption page and signature page of the Class Action Complaint in Case No. 2:25-cv-03393, which I obtained from the CM/ECF system.

31.    Attached as **Exhibit 20** is a true and correct copy of the California State Bar Attorney Profile for Andrew Gerald Gunem, which I obtained from the California State Bar website.

32.    Attached as **Exhibit 21** is a true and correct copy of the California State Bar Attorney Profile for Carly Marie Roman, which I obtained from the California State Bar website.

33.    Attached as **Exhibit 22** is a true and correct copy of an Application of Non-Resident Attorney to Appear in a Specific Case *Pro Hac Vice* filed on behalf of Ms. Borrelli in Case No. 2:25-cv-02263 on May 19, 2025.

34.    Attached as **Exhibit 23** is a true and correct printout of an image from Google Street View reflecting the address 2261 Market Street, San Francisco, California.

35.    Attached as **Exhibit 24** is a true and correct copy of a printout of the Contact webpage for Outpost Mail Access (outpostmailaccess.com/contact).

36.    Attached as **Exhibit 25** is a true and correct copy of a second Application of Non-Resident Attorney to Appear in a Specific Case *Pro Hac Vice* filed on behalf of Ms. Borrelli in Case No. 2:25-cv-02263 on May 28, 2025.

37.    Attached as **Exhibit 26** is a true and correct copy of a third Application of Non-Resident Attorney to Appear in a Specific Case *Pro Hac Vice* filed on behalf of Ms. Borrelli in Case No. 2:25-cv-02263 on June 9, 2025. Ms. Borrelli then filed a subsequent Application in this case. The Court also struck this application on the

ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Boulevard, Suite 200
West Hollywood, California 90069

- 7 -

grounds that Ms. Borrelli's Certificate of Good Standing is out of date.

38.    I have been a part of the discussions among plaintiffs' counsel in the four consolidated cases. I do not recall Ms. Haeggquist participating in any of the phone calls or email exchanges attempting to negotiate a joint leadership structure or stipulations for consolidation and appointment briefing. Although Ms. Haeggquist has been copied on some of these emails, she did not participate. Instead, at all relevant times, Aaron Olsen was the point of contact from HAE.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 12th day of June, 2025, at Los Angeles, California.

/s/ Damion Robinson
Damion Robinson

ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Boulevard, Suite 200
West Hollywood, California 90069

25-CV-0898
SUPP. DECL. OF DAMION ROBINSON

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that I filed the foregoing document using the Court's CM/ECF electronic filing platform. I am informed that filing through the CM/ECF Platform results in notice to all interested parties in this action.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on June 12, 2025 at West Hollywood, California.

[Print Name]                          [Signature]

ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Boulevard, Suite 200
West Hollywood, California 90069

25-CV-0898
SUPP. DECL. OF DAMION ROBINSON



# EXHIBIT 1

Exhibit 1 Page 00010

# Select A Case

**Raina C. Borrelli is an attorney in 17 cases.**

| | | | |
|---|---|---|---|
| 2:18-cv-01736-DOC-JPR | Jennifer Reitman et al v. Champion PetFoods USA, Inc. et al | filed 03/01/18 | closed 01/29/21 |
| 2:22-cv-02820-DSF-AGR | Anthony Henson et al v. Super Care, Inc. | filed 04/27/22 | closed 08/19/22 |
| 2:23-cv-01987-AB-AGR | Ryan Morales v. Conifer Revenue Cycle Solutions, LLC et al | filed 03/16/23 | closed 04/24/25 |
| 2:23-cv-10462-AB-AGR | Nicole Kolb v. Conifer Value-Based Care LLC et al | filed 12/14/23 | closed 01/10/24 |
| 2:24-cv-02761-PA-KS | Graciela Rodriguez v. City of Hope National Medical Center | filed 04/04/24 | closed 08/06/24 |
| 2:25-cv-02263-GW-SSC | Jane Doe v. Jaime S. Schwartz MD PC et al | filed 03/13/25 | closed 06/06/25 |
| 2:25-cv-03393-GW-SSC | Jane Doe v. Jaime S. Schwartz MD PC | filed 04/17/25 | closed 06/06/25 |
| 5:22-cv-01769-WLH-SHK | Doug Yauney v. HCI, LLC | filed 10/07/22 | closed 03/13/25 |
| 5:24-cv-00552-JGB-SP | Omar Bolanos v. Crossroads Equipment Lease and Finance, LLC | filed 03/14/24 | closed 11/18/24 |
| 5:24-cv-02265-KK-DTB | Ryan Collins et al v. Conifer Value-Based Care et al | filed 10/23/24 | |
| 8:14-cv-00648-PA-DFM | Steven Rensel et al v. Fluidmaster, Inc. | filed 04/24/14 | closed 12/23/14 |
| 8:16-cv-01743-AG-KES | Barbara Castillo v. Fluidmaster Inc. | filed 09/19/16 | closed 08/17/17 |
| 8:17-cv-00356-JVS-JCG | Christina Grimm v. APN, Inc. et al | filed 02/28/17 | closed 01/10/18 |
| 8:22-cv-00435-JFW-GJS | Kristina Khederlarian v. Utility Trailer Manufacturing Company | filed 03/21/22 | closed 08/24/22 |
| 8:24-cv-01201-FWS-ADS | Kevin Gregerson v. Toshiba America Business Solutions, Inc. | filed 06/04/24 | |
| 8:24-cv-01772-FWS-ADS | Kyle McDaniel v. Toshiba America Business Solutions, Inc. | filed 08/13/24 | |
| 8:24-cv-02810-FWS-DFM | Susan Gehringer v. Ancestry.com Operations Inc et al | filed 12/30/24 | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/11/2025 13:51:26 | | | |
| **PACER Login:** | damion.robinson | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: borrelli First Name: raina |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |



**EXHIBIT 2**

Exhibit 2 Page 00012

# Select A Case

**Raina Challeen Borrelli is an attorney in 24 cases.**

| | | | |
|---|---|---|---|
| [3:17-cv-04056-WHO](#) | Zeiger et al v. WellPet LLC et al | filed 07/19/17 | closed 04/22/22 |
| [3:20-cv-09203-EMC](#) | Callahan, et al v. PeopleConnect Inc. et al | filed 12/18/20 | |
| [3:21-cv-08229-VC](#) | Uharriet v. MyLife.com, Inc. | filed 10/21/21 | closed 09/13/22 |
| [3:21-cv-08976-WHO](#) | Kellman et al v. Spokeo, Inc. | filed 11/19/21 | |
| [3:21-cv-09193-WHA](#) | Mannacio v. Sovereign Lending Group Incorporated | filed 11/29/21 | closed 06/30/22 |
| [3:21-cv-09311-WHO](#) | Spindler et al v. General Motors, LLC | filed 12/02/21 | closed 02/14/23 |
| [3:21-cv-09433-MMC](#) | Escobar v. BeenVerified, Inc. et al | filed 12/06/21 | closed 03/28/22 |
| [3:21-cv-09470-TLT](#) | Gbeintor v. Demandbase, Inc. et al | filed 12/07/21 | closed 11/21/24 |
| [3:22-cv-00490-AGT](#) | Grogan v. McGrath RentCorp | filed 01/25/22 | closed 06/24/24 |
| [3:22-cv-05322-AMO](#) | Kis v. COGNISM INC. | filed 09/19/22 | |
| [3:23-cv-01131-RFL](#) | Prutsman v. Nonstop Administration and Insurance Services, Inc. | filed 03/14/23 | closed 03/18/25 |
| [3:23-cv-01502-VC](#) | Warren v. Nonstop Administration and Insurance Services, Inc. | filed 03/29/23 | closed 05/04/23 |
| [3:24-cv-05985-TLT](#) | Shah et al v. Capital One Financial Corporation | filed 08/26/24 | |
| [4:18-cv-00861-JSW](#) | In Re Big Heart Pet Brands Litigation | filed 02/09/18 | closed 01/03/22 |
| [4:20-cv-08679-HSG](#) | Mannacio v. AlphaCore Capital LLC | filed 12/08/20 | closed 09/21/21 |
| [4:21-cv-00913-YGR](#) | IN RE PLUM BABY FOOD LITIGATION | filed 02/05/21 | closed 04/05/24 |
| [4:21-cv-01113-YGR](#) | McKeon et al v. Plum, PBC et al | filed 02/15/21 | closed 03/11/21 |
| [4:22-cv-00787-KAW](#) | Spindler v. Seamless Contacts, Inc. | filed 02/07/22 | closed 01/15/25 |
| [4:22-cv-03570-YGR](#) | Brasch v. Meyer Corporation U.S. | filed 06/16/22 | closed 10/24/22 |
| [4:23-cv-05710-HSG](#) | In Re: Post Meds, Inc. Data Breach Litigation | filed 11/06/23 | |
| [4:23-cv-05772-HSG](#) | MacDonald v. PostMeds, Inc. | filed 11/09/23 | closed 02/06/24 |
| [5:19-cv-01405-EJD](#) | Bendis et al v. Singer et al | filed 03/15/19 | closed 06/01/20 |

Exhibit 2 Page 00013

5:19-cv-03411-EJD    Tamboura et al v. Singer et al                          filed 06/14/19  closed 06/01/20

5:25-cv-04440-PCP    Balzer v. ServiceAide, Inc.                             filed 05/24/25

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/11/2025 13:52:31 | | | |
| **PACER Login:** | damion.robinson | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: borrelli First Name: raina |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |



**EXHIBIT 3**

Exhibit 3 Page 0015

Query     Reports     Utilities     Help     Log Out

# Select A Case

**Raina C Borrelli is an attorney in 33 cases.**

| | | | |
|---|---|---|---|
| 1:14-cv-10251 | Steven Rensel et al v. Fluidmaster, Inc. | filed 12/23/14 | closed 10/25/17 |
| 1:18-cv-06951 | Zarinebaf et al v. Champion Petfoods USA, Inc. et al | filed 10/16/18 | closed 04/30/24 |
| 1:19-cv-01459 | Jackson et al v. Schell & Kampeter, Inc. d/b/a Diamond Pet Foods et al | filed 02/28/19 | closed 05/14/19 |
| 1:20-cv-00456 | Rokowsky v. Vericity, Inc. et al | filed 01/21/20 | closed 10/26/22 |
| 1:20-cv-07390 | Bonilla v. Ancestry.Com Operations, Inc. et al | filed 12/14/20 | closed 01/29/25 |
| 1:20-cv-07692 | Patterson v. Respondus, Inc. | filed 12/23/20 | closed 10/05/23 |
| 1:21-cv-00051 | Bonilla v. Peopleconnect,Inc. et al | filed 01/05/21 | |
| 1:21-cv-01579 | Doe v. Northwestern University | filed 03/22/21 | closed 02/22/22 |
| 1:21-cv-01785 | Bridges et al v. Respondus, Inc. | filed 04/02/21 | closed 12/08/22 |
| 1:21-cv-02512 | Fee v. Illinois Institute of Technology | filed 05/10/21 | closed 09/18/23 |
| 1:21-cv-03001 | Powell v. DePaul University | filed 06/04/21 | closed 11/04/22 |
| 1:21-cv-03203 | Harvey v. Resurrection University | filed 06/15/21 | closed 09/18/23 |
| 1:21-cv-05990 | Emmrich v. General Motors LLC | filed 11/08/21 | closed 02/13/23 |
| 1:22-cv-00342 | Mackey v. PeopleConnect, Inc. | filed 01/20/22 | closed 06/20/23 |
| 1:22-cv-02079 | Hoffower v. Seamless Contacts Inc. | filed 04/21/22 | closed 11/21/24 |
| 1:22-cv-03397 | Williams v. AON PLC | filed 06/29/22 | closed 08/24/22 |
| 1:22-cv-04260 | Forslund v. R.R. Donnelley & Sons Company | filed 08/12/22 | closed 03/25/24 |
| 1:22-cv-06519 | Farber v. H&K Perforating LLC | filed 11/21/22 | closed 04/28/23 |
| 1:23-cv-02118 | Davis v. Lawson Products, Inc. | filed 04/04/23 | |
| 1:23-cv-03999 | Shields v. Mondelez Global LLC | filed 06/23/23 | closed 01/21/25 |

| [1:23-cv-04023](#) | Wiacek v. Mondelez Global LLC et al | filed 06/23/23 closed 10/06/23 |
| [1:23-cv-06137](#) | Ellis v. Hub International Limited | filed 08/25/23 |
| [1:23-cv-06430](#) | Ries v. Hub International Limited | filed 08/29/23 closed 11/13/23 |
| [1:24-cv-00394](#) | Stegmeyer et al v. ABM Industries Incorporated et al | filed 01/16/24 |
| [1:24-cv-01014](#) | MacMullen v. United Home Loans, Inc. | filed 02/05/24 closed 10/02/24 |
| [1:24-cv-02902](#) | Weaver v. Plymouth Tube Company | filed 04/10/24 closed 08/13/24 |
| [1:24-cv-05221](#) | In re CDK Global Data Security Consumer Litigation | filed 06/22/24 |
| [1:24-cv-05356](#) | Aviles v. CDK Global, LLC | filed 06/26/24 closed 10/25/24 |
| [1:24-cv-07757](#) | Delia v. HAH Group Holding Company, LLC | filed 08/27/24 closed 04/28/25 |
| [1:24-cv-08037](#) | Oliver v. Parksite, Inc. | filed 09/04/24 closed 04/03/25 |
| [1:24-cv-08503](#) | Getzinger v. Kemper Sports Management, LLC | filed 09/16/24 |
| [1:24-cv-11688](#) | Garcia v. Set Forth, Inc. | filed 11/13/24 |
| [1:24-cv-11691](#) | Bradley v. Set Forth, Inc. et al | filed 11/13/24 closed 01/28/25 |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/11/2025 15:38:35 | | |
| **PACER Login:** | damion.robinson | **Client Code:** |
| **Description:** | Search | **Search Criteria:** Last Name: Borrelli First Name: Raina |
| **Billable Pages:** | 1 | **Cost:** 0.10 |

Exhibit 3 Page 0017

2/2



**EXHIBIT 4**

Exhibit 4 Page 0018

## Select A Case

**Alreen Haeggquist is an attorney in 17 cases.**

| | | | |
|---|---|---|---|
| 2:03-cv-03451-MMM-EX | Richard Ochoa v. Farmers Group Inc, et al | filed 05/16/03 | closed 10/15/04 |
| 2:05-cv-05818-JFW-E | Patrick O Ojo v. Farmers Group Inc et al | filed 08/10/05 | closed 03/07/06 |
| 2:07-cv-03843-DDP-JTL | Haralambos Beverage Co v. Anheuser-Busch Companies Inc et al | filed 06/13/07 | closed 01/20/09 |
| 2:09-cv-06649-SVW-JC | John Lincoln v. Sony Electronics, Inc. et al | filed 09/14/09 | closed 11/03/09 |
| 2:09-cv-08924-SJO-CW | Enrique Madrigal et al v. Tommy Bahama Group, Inc. et al | filed 12/04/09 | closed 02/15/12 |
| 2:12-cv-10931-GAF-VBK | Phebe Bohart et al v. DirecTV LLC et al | filed 12/26/12 | closed 04/22/13 |
| 2:15-cv-03428-BRO-AJW | Midland National Life Insurance Company vs. Bradley H. Schmidt et al. | filed 05/07/15 | closed 03/23/16 |
| 2:16-cv-03712-RGK-AFM | Todd Quarles et al v. San Joaquin Hills Transportation Corridor Agency et al | filed 05/26/16 | closed 06/20/16 |
| 2:17-cv-08019-JAK-FFM | Robert Anderson et al v. FedEx Ground Package System, Inc. et al | filed 11/02/17 | closed 02/12/18 |
| 2:25-cv-00898-GW-SSC | Jane Doe 1 et al v. Jamie S. Schwartz et al | filed 02/03/25 | |
| 2:25-cv-04446-GW-SSC | Darlene Tuulik et al v. Carla J. Schwartz et al | filed 05/16/25 | closed 06/06/25 |
| 8:06-cv-00643-CJC-AN | Seal 1 et al v. Seal A | filed 07/12/06 | closed 05/31/11 |
| 8:12-cv-01863-JVS-AN | William Groves v. Charles Brewer EDM Inc et al | filed 10/25/12 | closed 03/10/14 |
| 8:15-cv-01426-DOC-KES | Raul Ramirez et al v. TurfEvolutions | filed 09/03/15 | closed 02/04/16 |
| 8:16-cv-00262-ODW-ADS | In Re Toll Roads Litigation | filed 02/16/16 | closed 02/14/22 |
| 8:16-cv-01084-JLS-DFM | Sherry Beck v. Interwest Consulting Group, Inc. et al | filed 06/10/16 | closed 05/08/17 |
| 8:20-cv-00637-DOC-ADS | Robert Cohen v. Conagra Brands, Inc. | filed 04/01/20 | closed 03/19/24 |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/11/2025 13:59:03 | | |
| **PACER Login:** | damion.robinson | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: haeggquist |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |



**EXHIBIT 5**

Exhibit 5 Page 0020

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telphone: (415) 358-6913
Facsimile: (415) 358-6293

SEYFARTH SHAW LLP
Steven A. Erkel (SBN 299263)
serkel@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 498-0159
Facsimile: (916) 558-4839

*Additional Counsel Listed in Caption*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES UHARRIET, AVIVA KELLMAN, ALISON BOCKIUS, and KAREN EVANS, on behalf of themselves and all others similarly situated, | Case No. 3:21-cv-08229-VC **JOINT REQUEST FOR DISMISSAL** |
| Plaintiffs, | |
| v. | |
| MYLIFE.COM, INC., | |
| Defendant. | |

**REQUESTED RELIEF**

The Parties have reached an agreement in principle pursuant to which they would resolve the named Plaintiffs' monetary claims on an individual basis and provide injunctive relief that would benefit the putative Classes as a whole (the "Agreement").

Pursuant to ¶ 56 of this Court's Civil Standing Order, the Parties hereby submit this Joint Request for Dismissal. As set forth herein, the dismissal of this matter will not prejudice the potential unnamed class members. There has been no Class notice and the Parties are not aware of any publicity about this case. Further, Plaintiffs are unaware of any absent class members who refrained from filing complaints in reliance on this case. But in any event, the relevant statutes of limitations would have been tolled throughout the pendency of this case.

Accordingly, the Parties respectfully request that this Court GRANT the parties' Joint Request to Dismiss.

**THE AGREEMENT**

In exchange for resolving the claims of Mr. Uharriet, Ms. Kellman, Ms. Bockius, and Ms. Evans, Defendant MyLife.com, Inc. ("MyLife") will make a settlement payment to (1) provide individual recovery to the four named Plaintiffs and Angela Faunce[1], and (2) compensate the named Plaintiffs and Angela Faunce for attorneys' fees and costs.

The Agreement also benefits the putative class members. As part of the Agreement, MyLife will provide the following injunctive relief for three years:

(1) MyLife will not put a notation or use a label that a person is a sex offender in teaser data unless it has a good faith basis to include such a reference;

(2) MyLife will not put a notation or use a label that a person has "criminal history" in teaser data unless it has a good faith basis to include such a reference;

(3) MyLife will only refer to "court or arrest records" in its teaser profiles if it has a good faith basis to include such a reference regarding any individual;

---

[1] Ms. Faunce, a putative class member, retained Plaintiffs' Counsel in this matter but had not yet filed a complaint. She has agreed to resolve her claims against MyLife pursuant to the Agreement.

(4) MyLife will change its website to display more prominently the link by which individuals may remove their profile from the MyLife website ("Do Not Sell My Personal Information");

The injunctive relief will be effective with respect to *all* teaser profiles on MyLife.com, and therefore will benefit the putative Class as a whole. Indeed, the injunctive relief achieved through this Agreement directly addresses many of the issues that gave rise to Plaintiffs' Complaint: MyLife will enhance its opt-out mechanism, thereby providing a "safeguard[] to ensure people's personal information is not used illegally without their consent." See Dkt. No. 18, at *45. And MyLife will not make references to "sex offender" status or "criminal history" status unless it has a good faith basis to include such a reference, which are the most offensive conduct alleged in the Complaint. *See, e.g., id.*, at ¶54.

## LEGAL STANDARD

A district court may "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). Where, as here, the parties agree to resolve the named Plaintiffs' claims prior to class certification, "[t]he Ninth Circuit has held that Rule 23(e) also applies . . . but in a much lighter form that does not entail the kind of substantive oversight required when reviewing a settlement binding upon the class." *Dunn v. Tchrs. Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) (quoting *Diaz*, at 1408).

## SUMMARY OF ARGUMENT

Pre-certification dismissal of this case will not prejudice absent putative Class members. After a recent stipulated order in a suit brought by the Department of Justice, MyLife's finances are such that Plaintiffs could not obtain meaningful financial recovery for the Class even were they to prevail at trial. Indeed, MyLife anticipates that it will soon be filing a petition in bankruptcy. The monetary payment in the Agreement is only possible through insurance coverage. Notwithstanding MyLife's financial condition preventing class-based monetary relief, the parties' proposed Agreement still provides injunctive relief benefitting all putative Class members.

The parties vigorously litigated this action, and Plaintiffs had every intention of pursuing class certification and trial until the judgment in the DOJ action severely impacted MyLife's finances. The

Agreement was negotiated at arms-length by experienced counsel. There is no indication any absent Class member relied on this action in not filing other complaints, because this action has not attracted any publicity. Even had a Class member relied on this suit in not filing a complaint, the pendency of this lawsuit tolls the statute of limitations, as interpreted by *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). Nor the Agreement materially deplete funds that would otherwise be available for Class recovery. Given a Class size in the tens of millions and MyLife's financial condition and anticipated bankruptcy, the economics of pursuing Class-wide recovery simply do not add up. The costs of litigating the action, providing effective Class notice, and distributing funds to claimants would far exceed MyLife's financial capacity, leaving no funds for Class recovery.

## ARGUMENT

**A.     Meaningful Monetary Recovery for the Purported Class is Not Possible Because of The Class Sizes and MyLife's Finances.**

Plaintiffs' willingness to resolve their claims before moving for class certification is based on a combination of the sheer size of the purported Class and MyLife's financial condition.

In December 2021, two months after Plaintiff Uharriet filed the initial Complaint in this matter, MyLife entered a Stipulated Order with the Department of Justice to resolve the Government's claims. *United States v. MyLife.com, Inc. & Jeffrey Tinsley*, No. 20-cv-06692-JFW, Dkt. No. 204 (C.D. Cal. Dec. 15, 2021). Pursuant to that Order, judgment against MyLife and its principal was entered in the amount of $33,945,968. During that action, the Government obtained discovery regarding MyLife's financial condition that showed that it was unable to pay the full amount of the entered judgment. Because MyLife was financially unable to pay the full $28,945,968, the Government agreed to a significant reduction and the Order obligates MyLife to pay only $16 million.  Nonetheless, MyLife still anticipates filing shortly for bankruptcy.

Thus, Plaintiffs do not believe they would be able to obtain meaningful financial recovery for the purported Classes, even were they to prevail at trial. Even were MyLife financially capable of paying Class-wide damages in some amount (which it is not), the purported Class in the Complaint consists of potentially tens of millions of individuals. The costs of notice and distribution alone would render the amount remaining for individual claimants trivially small or, more likely, non-existent, not to mention

the additional attorneys' fees and costs Plaintiffs would incur in preparing a motion for Class certification, litigating any motion for summary judgment, and conducting a trial.

Accordingly, Plaintiffs believe they could not have delivered even nominal monetary relief to absent Class members even had they prevailed at trial. Therefore Class-wide relief could only come in the form of an injunction, and the injunctive relief contemplated in the Agreement delivers significant benefits to absent Class members in line with the relief sought to be addressed in the Complaint.

## B. The Parties Vigorously Litigated This Action.

On October 21, 2021, Plaintiff James Uharriet filed the initial Complaint asserting California claims. Dkt. No. 1. On December 3, 2021, Plaintiffs filed an amended Complaint adding three additional named Plaintiffs and claims under Nevada and Ohio law. Dkt. No. 18. On December 23, MyLife filed a motion to compel arbitration, or in the alternative to stay or dismiss. Dkt. No. 23. Plaintiffs' counsel prepared an opposition, although the opposition was never filed. After the initial case management conference conducted by the Court on January 19, 2022, see Dkt. No. 37, MyLife withdrew its motion on January 21. Dkt. No. 38.

The parties conducted significant discovery. Plaintiffs served Requests for Production and Interrogatories on December 22, 2021. MyLife produced over 65,000 documents to Plaintiffs. MyLife also served Requests for Production, Interrogatories, and Requests for Admission for each named Plaintiff. Plaintiffs retained experts on the topics of damages and class notice in anticipation of filling a motion for class certification.

The primary concern motivating the review of pre-certification settlements is the possibility that plaintiffs may file "frivolous" class allegations "in an effort to get a quick, advantageous settlement for the named plaintiffs." *See Diaz*, 876 F.2d at 1409. The history of this litigation, and of related litigation Plaintiffs' counsel are pursuing against other defendants, shows that is not what happened here. Plaintiffs' counsel prepared a forty-six page Amended Complaint asserting six causes of action under three States' laws. Dkt. No. 18. The Amended Complaint describes in detail the reasons why Class treatment would be appropriate. *Id.*

Plaintiffs' counsel are pursuing more than a dozen parallel cases asserting right of publicity claims on a Class-wide basis against websites with business practices similar to MyLife's. See, e.g.,

*Callahan v. PeopleConnect*, 20-cv-09203 (N.D. Cal. filed Dec. 18, 2020); *Bonilla v. Ancestry*, 20-cv-07390 (N.D. Ill. Filed Dec. 15, 2020); *Sessa v. Ancestry*, 20-cv-2292 (D. Nev. filed Dec. 17, 2020); *Kellman v. Spokeo*, 21-cv-08976 (N.D. Cal. filed Nov. 19, 2021); *Batis v. Dun & Bradstreet*, No. 22-cv-1924 (N.D. Cal. filed Mar. 25, 2022). Plaintiffs' counsel have prevailed on motions to dismiss in all but one of these cases. On August 5, 2022, Plaintiff's counsel filed a motion for class certification in *Callahan v. PeopleConnect*, 20-cv-09203, Dkt. No. 133. Plaintiffs' counsel have briefed and/or argued several Circuit Court appeals, two of which terminated in favorable outcomes and several of which are still pending. *See Callahan v. PeopleConnect*, No. 21-16040 (9th Cir.) (affirmance in favor of plaintiffs entered on March 18, 2021); *Sessa v. Ancestry.com*, No. 21-16618 (9th Cir.) (defendant voluntarily dismissed appeal on the eve of oral argument); *Martinez v. ZoomInfo*, No. 22-35305 (9th Cir.) (pending); *Boshears v. PeopleConnect*, No. 22-35262 (9th Cir.) (pending). In short, it is Plaintiffs' counsel's intention and practice to vigorously litigate right of publicity claims against other defendants on a Class-wide basis, including through various interlocutory appeals, class certification, and trial.

Plaintiffs did not agree to settle this matter on an individual basis because they exploited "frivolous" class allegations. On the contrary, Plaintiffs continue to believe their class claims are meritorious, while MyLife continues to dispute any liability. Plaintiffs agreed to settle because MyLife's financial situation means that injunctive relief is the best result they could ever hope to obtain for the absent purported Class, even assuming Plaintiffs prevail at trial. Plaintiffs' counsel have tried numerous class actions to verdict and judgment and were prepared to do so here.

### C. The Proposed Agreement Was Negotiated at Arm's Length by Experienced Counsel.

The proposed Agreement was negotiated at arm's length over the course of several weeks. MyLife's counsel leading the negotiation was Pamela Devata, an experienced litigator with over 20 years of class action defense experience and who currently is litigating other right-of-publicity purported class actions. Plaintiffs' counsel leading the negotiation was Samuel J. Strauss, an experienced class action litigator who has been counsel in over 150 nationwide class actions.

**D.** **Dismissal Will Not Prejudice Absent Class Members, and Notice to the Class is Not Required.**

*Diaz* instructs district courts to inquire into three forms of potential prejudice to the absent Class: "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, [and] (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." 876 F.2d at 1408. None of these forms of prejudice is present here.

First, it is unlikely any Class member has refrained from filing similar actions because of this lawsuit. This case has not received media coverage, and has received only passing reference on online sources. Most recent press coverage relating to legal actions against MyLife has centered on the Department of Justice action. The first page of Google search results in response to a search for "MyLife Lawsuit Right of Publicity" returns nine articles relating to other lawsuits against MyLife. The first two search results are about the DOJ action, even though the DOJ action did not involve right of publicity claims. Only the sixth result, a BloombergLaw article, refers to the present suit.

Second, even had any absent Class members refrained from filing because of this lawsuit, Plaintiffs believe there is no risk of "a rapidly approaching statute of limitations" because the filing of this action tolled the relevant statutes of limitation for the members of the putative class. "The Supreme Court has held that commencement of a class action tolls the applicable statute of limitations for all members of the class." *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983)). In *Tombline v. Wells Fargo Bank, N.A.*, No. 13-CV-04567-JD, 2014 WL 5140048, at *3 (N.D. Cal. Oct. 10, 2014), the court granted the parties' request for dismissal in part because "the filing of the class action complaint tolled the statute of limitations, which will not resume running until [the plaintiffs'] class claims are dismissed."

Finally, Plaintiffs have not made any concession of class interests to further their own interests. The Agreement does not extract funds that would otherwise be available for Class recovery, because no meaningful Class-wide monetary recovery is possible, as described above. Indeed, just the costs

---

associated with potentially obtaining Class-wide monetary recovery would likely far exceed the value of any monetary judgment MyLife is capable of paying.

Because these indicia of potential prejudice to the Class are not present, and because the cost of notice would vastly exceed any potential benefit, notice to the absent Class is not required. Under *Diaz*, notice of pre-certification dismissal has three purposes: (1) "protect[ing] a defendant" from frivolous class allegations used "to extract a more favorable settlement"; (2) "protect[ing] the class from objectionable structural relief . . . or depletion of limited funds available to pay the class claims"; and (3) "protect[ing] the class . . . if class members have refrained from filing suit." None of these purposes is relevant here.

First, as explained above, Plaintiffs believe their Class allegations are meritorious, and Plaintiffs would have pursued litigation through Class certification and to trial but for MyLife's financial situation, as confirmed during the Department of Justice action.

Second, the Agreement does not materially deplete funds that would otherwise be available for Class recovery. The proposed Class numbers in at least the tens of millions, making continued class litigation quixotic in light of MyLife's finances.

Third, as explained above, it is unlikely that any Class members refrained from filing suit because of this case and, even if they had, Plaintiffs believe there is no prejudice because the statutes of limitation are tolled.

In short, because of the circumstances in this case, the proposed Agreement does not prejudice the absent Class, and notice to the Class is not required.

## CONCLUSION

For the reasons above, the parties respectfully request the Court GRANT their joint request for dismissal of the above-captioned action.

Dated: September 1, 2022

/s/ Raina C. Borrelli
Raina Borrelli (*Pro Hac Vice*)
raina@turkestrauss.com
Sam Strauss (*Pro Hac Vice*)
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
ben@benosbornlaw.com
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464

*Attorneys for Plaintiffs and the Proposed Classes*

/s/ Steven Andrew Erkel
Steven Andrew Erkel
serkel@seyfarth.com
SEYFARTH SHAW LLP
400 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone: (916) 448-0159

Gary J. Gorham
ggorham@raskinlawllp.com
RASKIN GORHAM ANDERSON LAW
11333 Iowa Ave.
Los Angeles, CA 90025
Telephone: (310) 202-5544

John Wesley Drury
jdrury@seyfarth.com
Pamela Quigley Devata
pdevata@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Attorneys for Defendant MyLife.com, Inc.,*

## **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

Dated: September 1, 2022

/s/ Raina C. Borrelli
Raina C. Borrelli

1

## **CERTIFICATE OF SERVICE**

2

     I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system, which will send notification of such filing to counsel of record via the

4

ECF system.

5

DATED this 1st day of September, 2022.

6

                            TURKE & STRAUSS LLP

7

                    By:  */s/ Raina C. Borrelli*

8

                          Raina C. Borrelli
                          raina@turkestrauss.com

9

                          TURKE & STRAUSS LLP
                          613 Williamson St., Suite 201

10

                          Madison, WI 53703
                          Telephone: (608) 237-1775

11

                          Facsimile: (608) 509-4423

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**EXHIBIT 6**

Exhibit 6 Page 0031

 The State Bar *of California*

**Alreen Haeggquist #221858**
License Status: Active

Address: Haeggquist & Eck, LLP, 225 Broadway Ste 2050, San Diego, CA 92101-5096
Phone: 619-342-8000 | Fax: 619-342-7878
Email: **alreenh@haelaw.com** | Website: **www.haelaw.com**

## More about This Attorney ▾

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's **policy on removal of administrative actions**. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|------|------------------|--------------|-------------------------|
| Present | Active | | |
| 12/2/2002 | Admitted to the State Bar of California | | |

Additional Information:
- **About the disciplinary system**

Copyright © 2025 The State Bar of California

  

Exhibit 6 Page 0032

 The State Bar *of California*

**Amber Lee Eck #177882**
License Status: Active

Address: Haeggquist & Eck, LLP, 225 Broadway, Ste 2050, San Diego, CA 92101-5096
Phone: 619-342-8000  |  Fax: 619-342-7878
Email: **Ambere@haelaw.com**  |  Website: **www.haelaw.com**

**More about This Attorney ▾**

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's **policy on removal of administrative actions**. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|---|---|---|---|
| Present | Active | | |
| 11/22/1995 | Admitted to the State Bar of California | | |

Additional Information:
- **About the disciplinary system**

Copyright © 2025 The State Bar of California

  



## The State Bar *of California*

**Aaron Michael Olsen #259923**
License Status: Active

Address: HAEGGQUIST & ECK, LLP, 225 Broadway Ste 2050, San Diego, CA 92101-5096
Phone: 619-342-8000  |  Fax: 619-342-7878
Email: **aarono@haelaw.com**  |  Website: **www.haelaw.com**

## More about This Attorney ▾

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's **policy on removal of administrative actions**. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|---|---|---|---|
| Present | Active | | |
| 12/4/2008 | Admitted to the State Bar of California | | |

Additional Information:

- **About the disciplinary system**

Copyright © 2025 The State Bar of California

  



Allison A. Gill Sanford # 331502 Attorney Licensee Search

**Allison A. Gill Sanford #331502**
License Status: Active

Address: Haeggquist & Eck, LLP, 225 Broadway, Ste 2050, San Diego, CA 92101-5096
Phone: Not Available | Fax: Not Available
Email: Not Available | Website: Not Available

## More about This Attorney ▾

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's **policy on removal of administrative actions**. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|------|------------------|--------------|-------------------------|
| Present | Active | | |
| 6/4/2020 | Admitted to the State Bar of California | | |

Additional Information:
- **About the disciplinary system**

Copyright © 2025 The State Bar of California

  

Exhibit 6 Page 0035


The State Bar *of California*

**Anna Schwartz #346268**
License Status: Active

Address: 225 Broadway, Ste 2050, San Diego, CA 92101-5096
Phone: 619-272-4472  |  Fax: Not Available
Email: **annas@haelaw.com**  |  Website: **https://haelaw.com/**

## More about This Attorney ▾

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's **policy on removal of administrative actions**. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|------|------------------|--------------|-------------------------|
| Present | Active | | |
| 11/19/2022 | Admitted to the State Bar of California | | |

Additional Information:
- **About the disciplinary system**

Copyright © 2025 The State Bar of California

  



### The State Bar *of California*

**Jenna Marie Crisci Rangel #272735**
License Status: Active

Address: Haeggquist & Eck, LLP, 225 Broadway Ste 2050, San Diego, CA 92101-5096
Phone: 619-342-8000 | Fax: 619-342-7878
Email: **jennar@haelaw.com** | Website: **www.haelaw.com**

## More about This Attorney ▾

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's **policy on removal of administrative actions**. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ℹ | Discipline ℹ | Administrative Action ℹ |
|------|----------------|-------------|------------------------|
| Present | Active | | |
| 12/3/2010 | Admitted to the State Bar of California | | |

Additional Information:
- **About the disciplinary system**

Copyright © 2025 The State Bar of California

  


The State Bar *of California*

**Cameron Allan Holl #348636**
**License Status: Active**

Address: 3550 Herman Avenue, San Diego, CA 92104
Phone: Not Available  |  Fax: Not Available
Email: **camholl94@gmail.com**  |  Website: Not Available

**More about This Attorney** ▾

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's **policy on removal of administrative actions**. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|---|---|---|---|
| Present | Active | | |
| 1/20/2023 | Admitted to the State Bar of California | | |

Additional Information:
- **About the disciplinary system**

Copyright © 2025 The State Bar of California

  

Exhibit 6 Page 0038



**EXHIBIT 7**

Exhibit 7 Page 0039

**Damion Robinson**

| | |
|---|---|
| **From:** | Raina Borrelli <raina@straussborrelli.com> |
| **Sent:** | Tuesday, April 22, 2025 4:08 PM |
| **To:** | Aaron Olsen; Damion Robinson; Alreen Haeggquist; Anna Schwartz; Charles@thelewfirm.com; Isaiah@thelewfirm.com; David Markevitch; Jimmie Davis Parker |
| **Cc:** | Carly Roman |
| **Subject:** | RE: Jaime Schwartz Data Breach Litigation |

Thanks, Aaron. Assuming your transfer is imminent, I'm fine holding for a few days, but we do need to get moving. No consolidated complaint will be filed until the motion is granted (and leadership appointed) and all these steps take time.

I continue to be open to figuring out a cooperative leadership structure, but, to be clear, we intend to seek a leadership role in this case whether it's be consent or through motion practice.

Hope we can get this one organized in short order.

Raina

---

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Monday, April 21, 2025 11:42 AM
**To:** Raina Borrelli <raina@straussborrelli.com>; Damion Robinson <dr@robinsonmarkevitch.com>; Alreen Haeggquist <alreenh@haelaw.com>; Anna Schwartz <AnnaS@haelaw.com>; Charles@thelewfirm.com; Isaiah@thelewfirm.com; David Markevitch <dm@robinsonmarkevitch.com>; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>
**Cc:** Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Jaime Schwartz Data Breach Litigation

Hi Raina,

Thanks for circulating. As mentioned, we believe consolidation is appropriate.  However, I would like to address a couple issues.

First, where does everybody stand with respect to filing a consolidated complaint together and working together with respect to leadership?  We believe working together is better for everyone.

Second, as to timing, we believe it is appropriate to allow time for our case to first be transferred to the CD which will happen in short order.  We filed an amended complaint last week adding an additional defendant, ModMed.  We filed a stipulation with defendants to transfer venue to the CD, that is pending ModMed being served and formally added to the action. This will happen this week.  From our perspective, considering no other cases have been filed, it makes sense to get ModMed in the case, transfer our case to the CD, then jointly file a motion for consolidation and hopefully a consolidated complaint together.

If we can get all the cases to work together, it will streamline efficiency and benefit the class as a whole.

Best,

Aaron

1

Exhibit 7 Page 0040



**Aaron Olsen**
Partner (He/Him), Haeggquist & Eck, LLP

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com

225 Broadway, Suite 2050, San Diego, CA 92101





NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

.

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Monday, April 21, 2025 9:19 AM
**To:** Aaron Olsen <aarono@haelaw.com>; Damion Robinson <dr@robinsonmarkevitch.com>; Alreen Haeggquist <alreenh@haelaw.com>; Anna Schwartz <AnnaS@haelaw.com>; Charles@thelewfirm.com; Isaiah@thelewfirm.com; David Markevitch <dm@robinsonmarkevitch.com>; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>
**Cc:** Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Jaime Schwartz Data Breach Litigation

Hi all,

We should proceed with consolidation- to that end, see papers attached for all cases that are currently pending in CD Cal. (our state court case was removed on Friday).

@Damion Robinson can you please confirm your consent to this motion? It would get filed in your docket as the low numbered case and then we can file notices of the motion in our two cases.

As you will see, the proposed order would loop in cases later filed or transferred to CD Cal. (like Aaron's).

Happy to discuss.

Thanks,
Raina

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Monday, April 14, 2025 5:26 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Damion Robinson <dr@robinsonmarkevitch.com>; Alreen Haeggquist <alreenh@haelaw.com>; Anna Schwartz <AnnaS@haelaw.com>; Charles@thelewfirm.com; Isaiah@thelewfirm.com; David Markevitch <dm@robinsonmarkevitch.com>; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>
**Cc:** Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Jaime Schwartz Data Breach Litigation

Hi all,

Exhibit 7 Page 0041

Sorry for the delayed response, I was in DC and NY last week.  I am available for a call tomorrow at 11 am central (9 am PT).

---

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Monday, April 14, 2025 3:23 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Aaron Olsen <aarono@haelaw.com>; Alreen Haeggquist <alreenh@haelaw.com>; Anna Schwartz <AnnaS@haelaw.com>; Charles@thelewfirm.com; Isaiah@thelewfirm.com; David Markevitch <dm@robinsonmarkevitch.com>; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>
**Cc:** Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Jaime Schwartz Data Breach Litigation

Some people who received this message don't often get email from raina@straussborrelli.com. Learn why this is important

Can we have a quick call about this case tomorrow or Wed? Tomorrow I can do 10-11:30 central or after 5:30 central. Wed. I can do 12:30-2:30 central.

Thanks,
Raina

---

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Friday, April 11, 2025 9:23 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>; Alreen Haeggquist <alreenh@haelaw.com>; Anna Schwartz <AnnaS@haelaw.com>; Charles@thelewfirm.com; Isaiah@thelewfirm.com; David Markevitch <dm@robinsonmarkevitch.com>; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>
**Cc:** Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Jaime Schwartz Data Breach Litigation

I'm following up here on next steps.  Are either of you intending to try to relate or consolidate the cases?  Is the San Diego group planning to re-file in the Central District?  I think we need to act on this relatively quickly one way or the other.

---

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Monday, March 31, 2025 9:10 AM
**To:** Aaron Olsen <aarono@haelaw.com>; Alreen Haeggquist <alreenh@haelaw.com>; Anna Schwartz <AnnaS@haelaw.com>; Charles@thelewfirm.com; Isaiah@thelewfirm.com; Damion Robinson <dr@robinsonmarkevitch.com>; David Markevitch <dm@robinsonmarkevitch.com>; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>
**Cc:** Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Jaime Schwartz Data Breach Litigation

Great- I'll send an invite and those that can join, please do.

Raina

---

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Monday, March 31, 2025 9:54 AM
**To:** Raina Borrelli <raina@straussborrelli.com>; Alreen Haeggquist <alreenh@haelaw.com>; Anna Schwartz <AnnaS@haelaw.com>; Charles@thelewfirm.com; Isaiah@thelewfirm.com; dr@robinsonmarkevitch.com; dm@robinsonmarkevitch.com; jdp@robinsonmarkevitch.com

Exhibit 7 Page 0042

**Cc:** Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Jaime Schwartz Data Breach Litigation

Hi Raina,

Thanks for reaching out.  I am available today at 2 pm central (12 pm PT).

Best,

Aaron



**Aaron Olsen**
**Partner (He/Him), Haeggquist & Eck, LLP**

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com
225 Broadway, Suite 2050, San Diego, CA 92101





NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Sunday, March 30, 2025 2:01 PM
**To:** Alreen Haeggquist <alreenh@haelaw.com>; Aaron Olsen <aarono@haelaw.com>; Anna Schwartz <AnnaS@haelaw.com>; Charles@thelewfirm.com; Isaiah@thelewfirm.com; dr@robinsonmarkevitch.com; dm@robinsonmarkevitch.com; jdp@robinsonmarkevitch.com
**Cc:** Carly Roman <croman@straussborrelli.com>
**Subject:** Jaime Schwartz Data Breach Litigation

Some people who received this message don't often get email from raina@straussborrelli.com. Learn why this is important

Hi all,

I'm reaching out as we have each filed a case against Jaime Schwartz related to the data breach affecting his patients. Attaching our respective complaints here.

I suggest a call early this week to get organized – I'm free tomorrow from 1-3 and 4-6 central if something in that window works.

Look forward to speaking with everyone.

Raina

Exhibit 7 Page 0043



**EXHIBIT 8**

Exhibit 8 Page 0044

**Damion Robinson**

| | |
|---|---|
| **From:** | Raina Borrelli <raina@straussborrelli.com> |
| **Sent:** | Friday, April 25, 2025 7:34 AM |
| **To:** | Damion Robinson |
| **Cc:** | David Markevitch; Jimmie Davis Parker |
| **Subject:** | RE: Jaime Schwartz Data Breach Litigation |

Thanks, Damion.

This generally seems reasonable to me. Do you want me to call Aaron and propose?

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Thursday, April 24, 2025 3:22 PM
**To:** Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>
**Subject:** RE: Jaime Schwartz Data Breach Litigation

I'm following up on our discussion yesterday separately.  As background, we have a very active plaintiff group in the lipedema community, and they are adamant about having input.  We've been in contact with them almost daily, and the consistent feedback is that they want to be heard and have a role on behalf of themselves and other victims. This is the most important factor from our perspective. We also think we are well positioned given that we were first filed, have many class members supporting us (including four who are on the hacker site), and have significant complex experience, especially in California and the Central District.  As David mentioned, we've already started interviewing experts and consultants who have done a deep dive on the breaches.

We would much rather negotiate something that reflects these realities versus fighting it out in front of the court.  After discussing with clients and co-counsel, her is what we would accept:

- Joint lead counsel designation for the three current firms, yours, Aarons, and ours.
- We would need a meaningful role in work allocation but not a veto.  We are open to handling this jointly with your firm as a committee.
- All major case decisions by consensus, especially settlement.
- All lead counsel to consult on case strategy, scheduling, discovery, pleadings, motions, etc.
- Allocation of work 40% you, 40% us, 20% Aaron's firm.
  - Everyone would use best efforts to approximate this allocation as closely as possible throughout the case.
  - For purposes of allocation and fees, senior lawyers (10-plus years), mid-levels (5-10) and juniors (0-5), would each be weighted equivalently within those bands.
  - We would exchange hours at least quarterly.
- If the arrangement proves unworkable, any firm could seek relief from the Court without prejudice to anyone's previously incurred fees.
- We would need to remove the conflicted class rep from Aaron's group. I assume they are open to this, and it can happen during the consolidation process.
  - We treat the names of class reps as AEO unless the Court orders otherwise. (This is related to the issue above due to attempts to out the Jane Doe reps).

Let me know if you think this is feasible.

Exhibit 8 Page 0045

Thanks,
Damion

---

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Wednesday, April 23, 2025 5:06 AM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>
**Subject:** RE: Jaime Schwartz Data Breach Litigation

No worries. I'm free today between 1-2 and 3-4 central if something in there works for you.

Raina

---

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Tuesday, April 22, 2025 11:52 PM
**To:** Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>
**Subject:** RE: Jaime Schwartz Data Breach Litigation

I just saw your email from April 14 asking to discuss. I missed it in the back and forth with the group. If you'd like to discuss, we're generally free tomorrow.

---

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Tuesday, April 22, 2025 4:08 PM
**To:** Aaron Olsen <aarono@haelaw.com>; Damion Robinson <dr@robinsonmarkevitch.com>; Alreen Haeggquist <alreenh@haelaw.com>; Anna Schwartz <AnnaS@haelaw.com>; Charles@thelewfirm.com; Isaiah@thelewfirm.com; David Markevitch <dm@robinsonmarkevitch.com>; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>
**Cc:** Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Jaime Schwartz Data Breach Litigation

Thanks, Aaron. Assuming your transfer is imminent, I'm fine holding for a few days, but we do need to get moving. No consolidated complaint will be filed until the motion is granted (and leadership appointed) and all these steps take time.

I continue to be open to figuring out a cooperative leadership structure, but, to be clear, we intend to seek a leadership role in this case whether it's be consent or through motion practice.

Hope we can get this one organized in short order.

Raina

---

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Monday, April 21, 2025 11:42 AM
**To:** Raina Borrelli <raina@straussborrelli.com>; Damion Robinson <dr@robinsonmarkevitch.com>; Alreen Haeggquist <alreenh@haelaw.com>; Anna Schwartz <AnnaS@haelaw.com>; Charles@thelewfirm.com; Isaiah@thelewfirm.com; David Markevitch <dm@robinsonmarkevitch.com>; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>

Exhibit 8 Page 0046



# EXHIBIT 9

Exhibit 9 Page 0047

## Damion Robinson

| | |
|---|---|
| **From:** | Raina Borrelli <raina@straussborrelli.com> |
| **Sent:** | Friday, May 9, 2025 7:31 PM |
| **To:** | Damion Robinson; Aaron Olsen |
| **Cc:** | David Markevitch |
| **Subject:** | RE: Schwartz Data Breach |

Thanks, Damion. I'm disappointed but will of course plan to work cooperatively with whoever is chosen as lead.

We have consolidation papers ready (just need to add Aaron's case once it's transferred- what's the status?) that contemplates a period for filing leadership applications- we'll circulate that ASAP.

Raina

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Friday, May 9, 2025 8:43 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>
**Subject:** RE: Schwartz Data Breach

Thanks very much for circulating this. We appreciate everyone's willingness to work towards a solution. After considering this overnight and talking internally, we're going to have to bow out at this point.  I'm doubtful that this structure will work from a leadership perspective, and confident that we won't get buy in from our clients for this type of arrangement. Regardless of how things move forward, we look forward to working with everyone cooperatively and efficiently.

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Friday, May 9, 2025 1:05 PM
**To:** Aaron Olsen <aarono@haelaw.com>; Damion Robinson <dr@robinsonmarkevitch.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>
**Subject:** RE: Schwartz Data Breach

This general framework is fine with me. If we all agree, I may have some minor edits to the document.

Raina

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Thursday, May 8, 2025 7:20 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>
**Subject:** RE: Schwartz Data Breach

Please let me know what you think about the draft proposal attached.

Exhibit 9 Page 0048



**Aaron Olsen**

Partner (He/Him), Haeggquist & Eck, LLP

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com

225 Broadway, Suite 2050, San Diego, CA 92101





NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Tuesday, May 6, 2025 10:17 PM
**To:** Aaron Olsen <aarono@haelaw.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>
**Subject:** RE: Schwartz Data Breach

I sent an invite for 3:00.  If that doesn't work, let me know and we'll reschedule.

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Tuesday, May 6, 2025 10:43 AM
**To:** Raina Borrelli <raina@straussborrelli.com>; Damion Robinson <dr@robinsonmarkevitch.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>
**Subject:** RE: Schwartz Data Breach

Same



**Aaron Olsen**

Partner (He/Him), Haeggquist & Eck, LLP

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com

225 Broadway, Suite 2050, San Diego, CA 92101





NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Tuesday, May 6, 2025 10:28 AM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Aaron Olsen <aarono@haelaw.com>

Exhibit 9 Page 0049

**Cc:** David Markevitch <dm@robinsonmarkevitch.com>
**Subject:** RE: Schwartz Data Breach

I can do Thursday afternoon.

---

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Tuesday, May 6, 2025 12:16 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>
**Subject:** Schwartz Data Breach

All:

Are you free for a call on Thursday afternoon to discuss the consolidation proposals?

Thanks,
Damion

Damion Robinson
ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Blvd., Suite 200
West Hollywood, CA 90069
(213) 757-7778

*Please note our new address as of November 1, 2024.*

###
This email was sent from a law firm. It may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender and delete this message.

3

Exhibit 9 Page 0050



**EXHIBIT 10**

Exhibit 10 Page 0051

**Damion Robinson**

| | |
|---|---|
| **From:** | Raina Borrelli <raina@straussborrelli.com> |
| **Sent:** | Wednesday, May 14, 2025 4:08 PM |
| **To:** | Damion Robinson; Aaron Olsen |
| **Cc:** | David Markevitch; Carly Roman |
| **Subject:** | RE: Schwartz Data Breach |

Hi Damion and David,

Thanks for sharing these papers.

While I appreciate your interest in moving the case forward, doing it like this puts us in a procedurally complex position when this should be very easy. Obviously I (and I assume Aaron) would like to submit our own leadership applications, but we can't file anything on your docket as we don't represent any party.

I propose that you withdraw this motion, that the parties collectively (including defense) submit a stipulation to consolidate that sets deadlines for leadership applications, and that sets a deadline to file a consolidated complaint after leadership is decided.

Is this a procedure you can agree to so we can move this forward efficiently and fairly?

Thanks,
Raina

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Monday, May 12, 2025 1:56 AM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach

Please see the attached filing.

**From:** Damion Robinson
**Sent:** Sunday, May 11, 2025 8:35 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach

All –

We will go ahead and file the request to consolidate and appoint in the low-numbered case. This will result in roughly the same timetable proposed below with response briefs due in approximately two weeks (May 22) and a hearing date on June 12. The court may move the hearing if that June 12 is not available.

Thanks,
Damion

Exhibit 10 Page 0052

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Sunday, May 11, 2025 5:57 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach

Hi all,

Reattaching the consolidation papers we previously circulated.

Aaron- can you please add your transferred case and recirculate tomorrow so we can file Tuesday?

Thanks,
Raina

---

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Friday, May 9, 2025 8:43 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>
**Subject:** RE: Schwartz Data Breach

Thanks very much for circulating this. We appreciate everyone's willingness to work towards a solution. After considering this overnight and talking internally, we're going to have to bow out at this point.  I'm doubtful that this structure will work from a leadership perspective, and confident that we won't get buy in from our clients for this type of arrangement. Regardless of how things move forward, we look forward to working with everyone cooperatively and efficiently.

---

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Friday, May 9, 2025 1:05 PM
**To:** Aaron Olsen <aarono@haelaw.com>; Damion Robinson <dr@robinsonmarkevitch.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>
**Subject:** RE: Schwartz Data Breach

This general framework is fine with me. If we all agree, I may have some minor edits to the document.

Raina

---

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Thursday, May 8, 2025 7:20 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>
**Subject:** RE: Schwartz Data Breach

Please let me know what you think about the draft proposal attached.

Exhibit 10 Page 0053



**EXHIBIT 11**

Exhibit 11 Page 0054

## Damion Robinson

| | |
|---|---|
| **From:** | Damion Robinson |
| **Sent:** | Monday, May 19, 2025 12:10 AM |
| **To:** | Raina Borrelli; Aaron Olsen |
| **Cc:** | David Markevitch; Carly Roman; Ray Boucher; Shehnaz Bhujwala |
| **Subject:** | RE: Schwartz Data Breach |

Raina –

I'll copy you and defense counsel on a clean stipulation and order now.  We've been through several iterations of this and have spent a week negotiating what should have been a simple agreement.  So that we don't have any further misunderstandings, the stipulation is our final proposal.  I anticipate that the Court will act on it promptly, but we are not willing to reopen these discussions if the Court does not approve it by Thursday.

I left the language about the briefing alone.  Our preference is to stick with the standard motion, opposition, and reply. You're free to seek leave to file a sur-reply if you think one is necessary after the briefing is completed. We can't take a position on whether that would be appropriate until we get to that stage.

Regards,

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Sunday, May 18, 2025 8:50 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

Damion-

We all agree that the cases should be consolidated. Please add that back into the stipulation (and get defense to sign off on it) so the Court knows that consolidation is not a contested issue to consider. If you will not agree to forego a reply, please add to the stipulation that we get sur-replies. If you do not, we will request that relief from the Court and note your opposition.

The rest is fine- we'll respond/oppose to your leadership motion.

Please circulate a final draft for approval.

Raina

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Sunday, May 18, 2025 3:01 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher

Exhibit 11 Page 0055

<Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

Hi Raina,

Thanks for following up on this. Unfortunately, it doesn't seem like we're making progress. We've been clear that we do not believe having the parties all file separate applications is a good idea. We're trying to accommodate your desire to participate in the leadership briefing, but the constantly changing requests do not strike us as fair, reasonable, or efficient.

Since we don't appear to be making progress on a broader stipulation, we would propose that the parties simply stipulate to relate the cases and to allow your two firms to file oppositions or "responses" to the pending motion. That will give you both the opportunity to be heard on the leadership issue without disrupting the current briefing and hearing schedule and will ensure that the case moves forward expeditiously.

I'm attaching an updated stipulation here. Given the timing, we would like to get this done as soon as possible. We've spent a week attempting to negotiate a stipulation, and do not want these efforts to delay the case.

Regards,

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Saturday, May 17, 2025 7:26 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

Hi Damion,

I agree we want to make this as simple as possible, while still being fair and providing Aaron and I an opportunity to present our positions to the Court.

I agree we should stipulate to consolidate.

Appreciate you agreeing to push out the deadline to file our respective leadership applications to May 29- to keep things fair, why don't we put in the stipulation that all three of us will submit leadership applications on that date, and that you are withdrawing the previously-pending motion? We can also stipulate to keep the current hearing date. Then our motions don't need to be "oppositions" to your motion, but rather their own separate application. I think the Court would appreciate a less adversarial method. And we would agree via the stipulation we've been working on that there will be no responses/oppositions filed to those applications submitted by each of us on May 29.

If you cannot agree to that, we need to call any responsive filings "responses," not "oppositions" (again, we're not necessarily opposing your motion- simply asking the Court to consider other applicants as well) and you should not get a reply to our "responses." If you insist on a reply, we should stipulate that we are entitled to sur-replies.

Thanks,
Raina

Exhibit 11 Page 0056

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Friday, May 16, 2025 8:50 PM
**To:** Aaron Olsen <aarono@haelaw.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

It seems like we're backsliding and this process is becoming unnecessarily complicated.  To simplify, we would propose the following:

1. Everyone agrees to consolidate the four actions.
2. Your deadline to oppose the pending request for appointment and to make your alternative requests would be extended to May 29, 2025 as proposed in Aaron's most recent draft.  Our replies would then be due on June 2. We would maintain the existing hearing date of June 12. This would need Court approval since it varies the standard briefing schedule.
3. You agree <u>not</u> to file separate motions/applications for appointment, and to handle the alternative requests in connection with the pending motion.

As noted in prior emails, we are not amenable to having three separate motions/applications. We do not see any reason to burden the Court in this way, and don't think it helps any of us to flood the Court with unnecessary paperwork.  The later-filed motions would also necessarily be on different schedules and would potentially delay a ruling.

If this works, please let me know and we will revise the stipulation accordingly.

---

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Friday, May 16, 2025 3:46 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

Try it now. If this does not work, I will send .pdf.

**Aaron Olsen**
**Partner (He/Him), Haeggquist & Eck, LLP**

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com
225 Broadway, Suite 2050, San Diego, CA 92101

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

3

Exhibit 11 Page 0057

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Friday, May 16, 2025 3:42 PM
**To:** Aaron Olsen <aarono@haelaw.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

**GRAPHUS**
**Warning:** The sender @dr@robinsonmarkevitch.com might be a spam sender.
Block as Spam   Not a Spam Sender

powered by Graphus®

Aaron -

It looks like there is IRM restrictions on the document, which is preventing us from opening it because we are outside your firm.  Could you send a new version or PDF please?

Thanks,
Damion

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Friday, May 16, 2025 3:32 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

Try the attached.  I just opened and was able to edit.  Is it possible that it is checked on your end for "view only" instead of "editing"?

4

Exhibit 11 Page 0058





**Aaron Olsen**
Partner (He/Him), Haeggquist & Eck, LLP

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com

225 Broadway, Suite 2050, San Diego, CA 92101

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Friday, May 16, 2025 3:28 PM
**To:** Aaron Olsen <aarono@haelaw.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

5

Exhibit 11 Page 0059

**GRAPHUS**
**Warning:** The sender @dr@robinsonmarkevitch.com might be a spam sender.
Block as Spam   Not a Spam Sender

powered by Graphus®

It looks like it's only the stipulation, and not the other document.

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Friday, May 16, 2025 3:27 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

That's strange.  I didn't restrict them at all. Let me know pull them up on my end and see what is going on.

**Aaron Olsen**
**Partner (He/Him), Haeggquist & Eck, LLP**

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com

225 Broadway, Suite 2050, San Diego, CA 92101

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Friday, May 16, 2025 3:25 PM
**To:** Aaron Olsen <aarono@haelaw.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

Exhibit 11 Page 0060

**GRAPHUS**
**Warning:** The sender @dr@robinsonmarkevitch.com might be a spam sender.
Block as Spam    Not a Spam Sender

powered by Graphus®

Aaron –


These files appear to be locked for editing on our side.  Could you please resend?


Thanks,
Damion

---

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Friday, May 16, 2025 12:22 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach


Attached are our additional proposed edits in redline.


**Aaron Olsen**
**Partner (He/Him), Haeggquist & Eck, LLP**

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com
225 Broadway, Suite 2050, San Diego, CA 92101

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Friday, May 16, 2025 12:05 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>

7

Exhibit 11 Page 0061

Cc: David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

**GRAPHUS**
**Warning:** The sender @dr@robinsonmarkevitch.com might be a spam sender.
Block as Spam   Not a Spam Sender

powered by Graphus®

All -

The changes are generally fine with us.  Once we have Aaron's edits, we may have some minor tweaks.


Thanks,
Damion


**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Friday, May 16, 2025 10:14 AM
**To:** Aaron Olsen <aarono@haelaw.com>; Damion Robinson <dr@robinsonmarkevitch.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach


Please use these versions instead.


**From:** Raina Borrelli
**Sent:** Friday, May 16, 2025 11:48 AM
**To:** Aaron Olsen <aarono@haelaw.com>; Damion Robinson <dr@robinsonmarkevitch.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach


Just finished my edits- see attached.


**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Friday, May 16, 2025 11:46 AM

8

Exhibit 11 Page 0062

**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

Hi Damion/Raina,

I plan to circulate a few proposed edits in redline today.

Best,

Aaron

**Aaron Olsen**
Partner (He/Him), Haeggquist & Eck, LLP

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com
225 Broadway, Suite 2050, San Diego, CA 92101

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Thursday, May 15, 2025 8:36 PM
**To:** Aaron Olsen <aarono@haelaw.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

**GRAPHUS**

Exhibit 11 Page 0063

**Warning:** The sender @dr@robinsonmarkevitch.com might be a spam sender.

Block as Spam   Not a Spam Sender

powered by Graphus®

Hi Aaron –


Again, we're not trying to preclude anyone from filing briefs or to make things more complicated. We want to move the case forward, and don't see the logic in filing three sets of briefs instead of one. This seems extremely wasteful for the parties and for the Court.


We can handle the issues you raise in the same way as proposed below.  If there is a problem filing your brief, we can either re-calendar the hearing or stipulate to allow you to intervene for this purpose. I understood from our prior discussions that everyone wanted to move forward expeditiously, and resetting the briefing / filing unnecessary briefs does not seem consistent with that goal.


Regards,


---

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Thursday, May 15, 2025 6:08 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach


Hi Damion and Raina,


A couple things. While our transfer has been initiated, we are still awaiting to be assigned a case number and dept. As of now, we are not technically in the "same court" for purposes of FRCP 42(a).   We are hoping to have an answer on that by tomorrow, but it may take into next week before we are even in the same court.  For this reason and others, we have the same concerns as Raina and agree with her proposal, but will get back to you tomorrow. Also, ModMed's counsel will need to be added as a signatory to any stip.  In the meantime, Damion, we ask you to reconsider Raina's proposal as the most appropriate for all which resolves all these unnecessary issues.


Best,

Exhibit 11 Page 0064

Aaron

**Aaron Olsen**
**Partner (He/Him), Haeggquist & Eck, LLP**

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com

225 Broadway, Suite 2050, San Diego, CA 92101

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Thursday, May 15, 2025 5:40 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

**GRAPHUS**
**Warning:** The sender @dr@robinsonmarkevitch.com might be a spam sender.
Block as Spam   Not a Spam Sender

powered by Graphus®

Hi Raina –

It looks like the deadline under the current motion schedule is the 22nd, which gives us a week.  The Court is efficient in approving stipulations if the parties agree on something, so I doubt we'll have an issue.  We can also notify the clerks and/or file a notice in the other cases reflecting the stipulation.

If we do end up in a situation where the Court has not approved the stip in time, we would agree to re-calendar the motion so that we get a ruling on the stipulation first, and you have a chance to file your briefs.  We're not intending to preclude you from making your pitch to the Court.  We just want to make sure we're keeping things moving and avoiding unnecessarily flooding the Court with paperwork.

Exhibit 11 Page 0065

The other change is no problem.

Please let us know and we can get this turned around quickly.

Thanks,

Damion

---

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Thursday, May 15, 2025 1:55 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

Thanks, Damion. In theory this is fine, but what do we do if the proposed order isn't entered in a timely fashion such that we can file oppositions on the lead case docket?

Additionally, we should indicate that the consolidated complaint will not be filed until 30 days after an order appointing lead counsel.

Raina

---

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Thursday, May 15, 2025 2:48 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>
**Subject:** RE: Schwartz Data Breach

Hi Raina –

Exhibit 11 Page 0066

I think we can accomplish what you're proposing without disrupting the schedule or making the Court deal with three applications instead of one.  I'm attaching a stipulation to consolidate, which authorizes the parties to make their requests for appointment as part of the oppositions without the need for new motions/applications.  Please let me know if this works?


Thanks,
Damion


**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Wednesday, May 14, 2025 4:08 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach


Hi Damion and David,


Thanks for sharing these papers.


While I appreciate your interest in moving the case forward, doing it like this puts us in a procedurally complex position when this should be very easy. Obviously I (and I assume Aaron) would like to submit our own leadership applications, but we can't file anything on your docket as we don't represent any party.


I propose that you withdraw this motion, that the parties collectively (including defense) submit a stipulation to consolidate that sets deadlines for leadership applications, and that sets a deadline to file a consolidated complaint after leadership is decided.


Is this a procedure you can agree to so we can move this forward efficiently and fairly?


Thanks,

Raina

Exhibit 11 Page 0067

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Monday, May 12, 2025 1:56 AM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach

Please see the attached filing.

---

**From:** Damion Robinson
**Sent:** Sunday, May 11, 2025 8:35 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach

All –

We will go ahead and file the request to consolidate and appoint in the low-numbered case.  This will result in roughly the same timetable proposed below with response briefs due in approximately two weeks (May 22) and a hearing date on June 12.  The court may move the hearing if that June 12 is not available.

Thanks,
Damion

---

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Sunday, May 11, 2025 5:57 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Aaron Olsen <aarono@haelaw.com>
**Cc:** David Markevitch <dm@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach

Hi all,

Reattaching the consolidation papers we previously circulated.

Exhibit 11 Page 0068



**EXHIBIT 12**

Exhibit 12 Page 0069

## Damion Robinson

| | |
|---|---|
| **From:** | Raina Borrelli <raina@straussborrelli.com> |
| **Sent:** | Tuesday, May 20, 2025 1:51 PM |
| **To:** | Aaron Olsen; Damion Robinson; Grimaldi, Michael; Aaron Katz |
| **Cc:** | Bartolomeo, Bradley; Ray Boucher; Shehnaz Bhujwala; charles@thelewfirm.com; Jimmie Davis Parker; David Markevitch |
| **Subject:** | RE: Schwartz Data Breach:  Stipulation to Consolidate |

Thanks, Aaron. I agree. I think the Court would appreciate us making this less complicated. Requiring us to respond to a motion on a case docket we can't file in without intervening is inefficient.

Raina

---

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Tuesday, May 20, 2025 3:30 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>; Aaron Katz <akatz@aaronkatzlaw.com>
**Cc:** Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; David Markevitch <dm@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach: Stipulation to Consolidate

Damion, et al.

Our case (Tuulik) (aka the "HAE Action") still has not been assigned a case number or department.  We have contacted the clerk, but do not yet have an indication of when that will happen.  As we all know, there are four related cases: (1) Robinson Action; (2) HAE Action; and (3) & (4) Borrelli Actions (collectively, the "Related Actions").  All parties agree the Related Actions should be consolidated.

Based on the circumstances, here is what we propose as the most efficient, fair, and reasonable procedure:

1. The parties submit a joint motion:
   a. Agreeing to consolidation, thereby rendering the Robinson Action's motion to consolidate the actions moot and can be vacated;
   b. Vacating the Robinson Action's motion to appoint interim class counsel scheduled for July 12, 2025, to be reset as stated below.
   c. the Court to set a hearing date for deciding the appointment of interim class counsel to occur within 30 days of the HAE Action being assigned a case number and department in this Court and the Court's order consolidating the Related Actions;
   d. On or before sixteen court days of the hearing, the attorneys in the Robinson Action, HAE Action, and Borrelli Actions may file applications to be appointed interim lead counsel, limited to 15-pages each, which shall be deemed sufficient to act as oppositions to any competing applications to appoint interim class counsel. Absent further order from the Court desiring opposition and/or reply briefing, aside from the initial 15-page applications, we do not believe further briefing or motions from the Parties on the issue of appointing interim class counsel is necessary.
   e. Consolidated complaint to be filed within 30 days from the date the Court issues an order appointing interim class counsel.

Exhibit 12 Page 0070

We believe this procedure is appropriate to allow sufficient time for (1) the HAE Action to effectuate transfer to this Court and be assigned a case number and department, (2) the court to enter its order consolidating the actions, (3) give the HAE Action and Borrelli Actions a fair and appropriate opportunity to seek appointment as interim class counsel, and (4) enable time for the Parties to continue their meet and confers regarding, *inter alia*, cooperating as co-lead counsel, the scope of responsibility each defendant may or may not have in the litigation, completion of informal discovery efforts already underway, and potential early mediation.

Can the respective counsel of each party please confirm yes or no whether you think this proposal is acceptable?

Best,

Aaron




**Aaron Olsen**
Partner (He/Him), Haeggquist & Eck, LLP

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com
225 Broadway, Suite 2050, San Diego, CA 92101





NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

.

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Tuesday, May 20, 2025 12:14 PM
**To:** Aaron Olsen <aarono@haelaw.com>; Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>; Aaron Katz <akatz@aaronkatzlaw.com>
**Cc:** Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; David Markevitch <dm@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach: Stipulation to Consolidate

**GRAPHUS**
**Warning:** The sender @dr@robinsonmarkevitch.com might be a spam sender.
Block as Spam   Not a Spam Sender
powered by Graphus®

In terms of the stip, do we have a Central District case number for the Tuulik case?  I can make the revision now.

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Tuesday, May 20, 2025 8:50 AM
**To:** Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>; Aaron Katz <akatz@aaronkatzlaw.com>; Damion Robinson <dr@robinsonmarkevitch.com>

Exhibit 12 Page 0071

Cc: Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; David Markevitch <dm@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>
Subject: RE: Schwartz Data Breach: Stipulation to Consolidate

Michael, et al., I agree it makes sense to have a call. I am free on Wednesday any time after 10 a.m. PT.

Best,

Aaron



**Aaron Olsen**
Partner (He/Him), Haeggquist & Eck, LLP

(619) 269-3193 | aarono@haelaw.com | haelaw.com
225 Broadway, Suite 2050, San Diego, CA 92101





NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

.

**From:** Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>
**Sent:** Monday, May 19, 2025 7:51 PM
**To:** Aaron Katz <akatz@aaronkatzlaw.com>; Damion Robinson <dr@robinsonmarkevitch.com>
**Cc:** Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; David Markevitch <dm@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Subject:** RE: Schwartz Data Breach: Stipulation to Consolidate

**GRAPHUS**
**Warning:** Sender @Michael.Grimaldi@lewisbrisbois.com is not yet trusted by your organization. Please be careful before replying or clicking on the URLs.

Exhibit 12 Page 0072

Report Phishing   Block as Spam   Remove Banner

powered by Graphus®

I am also free Wednesday. We should probably do earlier afternoon because Aaron Katz is on the east coast.

Damion, the immediate updates I see to the stip are that it does not have all the procedural facts and correct case numbers. Namely, all four of the actions are now in the Central District. The state court action was removed, and the Southern District Court action was transferred.



**Michael K. Grimaldi**
**Partner**
Michael.Grimaldi@lewisbrisbois.com

**T: 213.599.7761 F: 213.250.7900 M: 213.239.3786**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Aaron Katz <akatz@aaronkatzlaw.com>
**Sent:** Monday, May 19, 2025 6:53 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>
**Cc:** Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>; Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; David Markevitch <dm@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Subject:** Re: Schwartz Data Breach: Stipulation to Consolidate

Exhibit 12 Page 0073

EXTERNAL

I will catch up on this tomorrow evening.  Happy to do a call Wednesday with this group.


Aaron Katz

Aaron Katz Law LLC

399 Boylston Street, 6th Floor

Boston, MA 02116

Office: (617) 915-6305

Mobile: (617) 686-0677


https://protect.checkpoint.com/v2/r01/___www.aaronkatzlaw.com___.YzJ1Omxld2lzYnJpc2JvaXM6YzpvOmQ4ZmQ0NTAyYzA5NzBhODdlZjhkODM0OTRmZjI5MGY4Ojc6YWZhYTo5MGJmZmFiZTc4M2RmNWYxOWYxMjA1ZjVlNjdhYTY0MTE0MmQwMjkzZjlhMDNjYzFkMjk2YzZiZWEzNjUzNjEzOnQ6Q6VDpO

On May 19, 2025, at 9:50 PM, Damion Robinson <dr@robinsonmarkevitch.com> wrote:


Hi Mike –


We appreciate the feedback.  The goal of the stipulation to relate and consolidate was to conserve effort by reducing the issues before the Court on the pending motion, leaving the decision of leadership to the Court on a motion set for next month.  I think this is probably the least cumbersome and expensive way to go about it.


We'd be happy to talk about this further, as well as your other suggestions/updates.  I'm generally free tomorrow and Wednesday afternoon if you have a few minutes.


Best,

Exhibit 12 Page 0074

Damion

---

**From:** Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>
**Sent:** Monday, May 19, 2025 5:21 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>
**Cc:** Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; David Markevitch <dm@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>; Aaron Katz <akatz@aaronkatzlaw.com>
**Subject:** RE: Schwartz Data Breach: Stipulation to Consolidate

Hi all, my firm Lewis Brisbois represents the defendant doctors and their practices. I have copied Aaron Katz akatz@aaronkatzlaw.com , ModMed's counsel, as I was not sure if he was copied to the initial email.

Here are my thoughts on the stip. First, there are a few minor changes that are needed. All four of the actions are now in the Central District. The state court action was removed, and the Southern District Court action was transferred.

I am not in theory opposed to the stip if this is what all the plaintiffs' counsel want to do. I was much prefer, however, to reach some consensus on how to proceed instead of a lengthy motion process and litigation on the threshold question of the plaintiffs' counsel. Defendants likely will not make a formal opposition. I am worried about plaintiffs' collective expenditure of litigation time and costs for this process.

To me, it makes sense to relate all the cases and then set up a meet and confer on proper parties, early mediation, and/or informal discovery. This is the process I have proposed to each of you when we have spoken. In any event, I have some critical updates to share.

Thank you all, looking forward to work with you,

Mike Grimaldi

6

Exhibit 12 Page 0075

**Michael K. Grimaldi**
**Partner**
Michael.Grimaldi@lewisbrisbois.com

<image001.png>

**T: 213.599.7761 F: 213.250.7900 M: 213.239.3786**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

<image002.png>

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Monday, May 19, 2025 12:16 AM
**To:** Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>; Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Payne, Alexa <Alexa.Payne@lewisbrisbois.com>
**Cc:** Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; David Markevitch <dm@robinsonmarkevitch.com>; Raina Borrelli <raina@straussborrelli.com>; Aaron Olsen <aarono@haelaw.com>
**Subject:** Schwartz Data Breach: Stipulation to Consolidate

EXTERNAL

All:

We have had a series of communications with counsel for the other plaintiffs and are proposing a stipulation to streamline the consolidation process and briefing on the appointment motion.  Basically, the stipulation would consolidate all four pending cases so that the Court does not need to rule on that issue, and would allow the other firms to file briefs seeking appointment in response to our pending Motion.

Exhibit 12 Page 0076

If this is agreeable, please send back signature pages and we'll get it filed as soon as possible. Given the briefing schedule, I think it would be best to get this filed tomorrow if possible.


Regards,


Damion Robinson
ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Blvd., Suite 200
West Hollywood, CA 90069
(213) 757-7778


***Please note our new address as of November 1, 2024.***


###
This email was sent from a law firm. It may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender and delete this message.

Exhibit 12 Page 0077



**EXHIBIT 13**

Exhibit 13 Page 0078

## Damion Robinson

| | |
|---|---|
| **From:** | Damion Robinson |
| **Sent:** | Wednesday, May 28, 2025 6:32 PM |
| **To:** | Raina Borrelli; Grimaldi, Michael; Aaron Katz |
| **Cc:** | Aaron Olsen; David Markevitch; Bartolomeo, Bradley; Ray Boucher; Shehnaz Bhujwala; charles@thelewfirm.com; Jimmie Davis Parker; Carly Roman |
| **Subject:** | RE: Schwartz Data Breach: Stipulation to Consolidate |

Raina –

I wanted to address this since it has happened a couple of times now.  During our call, when you discussed tying consolidation to your briefing proposal, I asked that we not conflate the two, since all parties agree on consolidation.  I thought we had an understanding that we would finalize the consolidation piece at minimum and address the briefing separately.  In reliance on that discussion, I took the time today to prepare a new stipulation (as I have done several times over the past couple of weeks) addressing consolidation.  I'm surprised to now receive a redline with multiple references to a joint briefing schedule, especially when it would make the briefing schedule I proposed below impossible. I don't see why this is being slipped into the stipulation and order, especially without flagging it for discussion.

So that we're clear:

1. We agree to consolidation and will sign a stipulation to that effect immediately so that the parties do not need to brief the issue, and the Court does not need to do a full workup on consolidation unnecessarily.  I think this is in everyone's interests and will be appreciated by the Court. We are not willing to condition this unobjectionable and unopposed request on agreeing to one party's briefing proposal.
2. We are agreeable to a briefing schedule that (a) allows you to file your request for appointment in your opposition rather than by separate motion; and (b) allows you to file a surreply. You have repeatedly requested this. In fact, in a prior exchange, you agreed to a briefing schedule that did ***not*** permit surreplies but left it up to the Court's discretion.  I'm not sure why you are now "reluctant[]" to agree to a proposal that gives you what you wanted. I also do not see why the standard motion, opposition, and reply briefing order is unreasonable.  Nor do I see a reason we would agree to let you file full-length oppositions after having our brief for several weeks and then limit our replies to three pages on top of giving you a surreply.  That just isn't fair.

We've now gone through several iterations of this process. It seems like one or the other of the groups finds reason to disagree with the briefing protocol acceptable by the others.  You are now backtracking on something you said was acceptable a week ago.  We are trying to give you and Aaron's firm a full opportunity to brief appointment without requiring multiple separate motions and deferring the appointment decision for weeks, but this is proving impossible.  If we are going to do combined briefing, which we all agree is the best idea, we need to agree to something that works for everyone.

Regards,

Exhibit 13 Page 0079

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Wednesday, May 28, 2025 5:52 PM
**To:** Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>; Damion Robinson <dr@robinsonmarkevitch.com>; Aaron Katz <akatz@aaronkatzlaw.com>
**Cc:** Aaron Olsen <aarono@haelaw.com>; David Markevitch <dm@robinsonmarkevitch.com>; Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach: Stipulation to Consolidate

My edits in redline attached.

In terms of the interim class counsel motion, I reluctantly agree to most of your proposal solely to move this forward. I want to reiterate in writing my disagreement to the notion of filing reply briefs on this issue as I think the Court does not require this much paper to make a decision. Thus, I will only consent if the reply and sur-reply are limited to 3 pages.

Raina

**From:** Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>
**Sent:** Wednesday, May 28, 2025 7:05 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Aaron Katz <akatz@aaronkatzlaw.com>
**Cc:** Aaron Olsen <aarono@haelaw.com>; Raina Borrelli <raina@straussborrelli.com>; David Markevitch <dm@robinsonmarkevitch.com>; Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach: Stipulation to Consolidate

Hi all, here are defendants' minor edits to the stip and order. Namely, I added the removed case number (the fourth central district action).  No opinion of course on the interim class counsel briefing.

Thank you for working together to try to iron out these issues.

Mike



**Michael K. Grimaldi**
**Partner**
Michael.Grimaldi@lewisbrisbois.com

**T: 213.599.7761 F: 213.250.7900 M: 213.239.3786**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

Exhibit 13 Page 0080



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Wednesday, May 28, 2025 3:53 PM
**To:** Aaron Katz <akatz@aaronkatzlaw.com>; Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>
**Cc:** Aaron Olsen <aarono@haelaw.com>; Raina Borrelli <raina@straussborrelli.com>; David Markevitch <dm@robinsonmarkevitch.com>; Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>
**Subject:** RE: Schwartz Data Breach: Stipulation to Consolidate

> EXTERNAL

All:

Following a conversation yesterday between all counsel for plaintiffs in the four cases, I believe everyone agrees to consolidation.  I am attaching a revised stipulation to this effect.  This should take that issue off the table.

Regarding the interim class counsel briefing, I am making the following proposal to the entire group. It attempts to address everyone's procedural and fairness concerns without requiring a duplication of work or starting the process over.

1. The other plaintiffs file their oppositions to our motion for appointment not later than June 4.  These will also be deemed requests for appointment and can make each firm's argument for why it should be appointed.  (This should eliminate any procedural concern about the need to file a motion).
2. We will file a combined reply by June 11, responding to the briefs submitted by the other firms.
3. The other firms can file sur-replies by June 18 responding to the reply.

This will minimize unnecessary briefing and allow everyone to have a full opportunity to brief the issues without pushing this process out by another six weeks to file new motions.   Please let me know if everyone is on board with this approach.

Thanks,
Damion

---

**From:** Damion Robinson
**Sent:** Wednesday, May 21, 2025 1:13 PM
**To:** Aaron Katz <akatz@aaronkatzlaw.com>; Michael Grimaldi <Michael.Grimaldi@lewisbrisbois.com>

Exhibit 13 Page 0081



**EXHIBIT 14**

Exhibit 14 Page 0082

**Damion Robinson**

| | |
|---|---|
| **From:** | Damion Robinson |
| **Sent:** | Friday, May 30, 2025 2:43 PM |
| **To:** | Aaron Olsen; Raina Borrelli; Grimaldi, Michael; Bartolomeo, Bradley; Ray Boucher; Shehnaz Bhujwala; charles@thelewfirm.com; Jimmie Davis Parker; Carly Roman; Aaron Katz |
| **Cc:** | Risa Castro |
| **Subject:** | RE: Activity in Case 2:25-cv-04446-DMG-JPR Darlene Tuulik et al v. Carla J. Schwartz et al Notice of Assignment to United States Judges(CV-18) - optional html form |

All –

The next date available on the Court's schedule is July 1.  This would mean pushing back the hearing another two weeks due to Aaron's travel.  We're not comfortable doing that, especially when we mutually selected June 26 a week ago.  We have no objection to anyone appearing remotely at the hearing.

As to the consolidation issue, we haven't rejected anyone's changes. As mentioned, I used Mike's draft because it was the last draft that did not include objectionable changes to the stipulation, which the parties did not discuss or agree upon.  I am fine with the current version.  If everyone would give approval to e-sign, we can get it filed.

---

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Friday, May 30, 2025 8:24 AM
**To:** Raina Borrelli <raina@straussborrelli.com>; Damion Robinson <dr@robinsonmarkevitch.com>; Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>; Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Aaron Katz <akatz@aaronkatzlaw.com>
**Cc:** Risa Castro <risac@haelaw.com>
**Subject:** RE: Activity in Case 2:25-cv-04446-DMG-JPR Darlene Tuulik et al v. Carla J. Schwartz et al Notice of Assignment to United States Judges(CV-18) - optional html form

We are ok with this, and have no issue with moving the date.  Please note, however, I will be out of the country July 1-8.

Best,

Aaron



**Aaron Olsen**
**Partner (He/Him), Haeggquist & Eck, LLP**

(619) 269-3193  |  aarono@haelaw.com  |  haelaw.com

225 Broadway, Suite 2050, San Diego, CA 92101

     

Bio

Exhibit 14 Page 0083

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Thursday, May 29, 2025 3:59 PM
**To:** Damion Robinson <dr@robinsonmarkevitch.com>; Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>; Aaron Olsen <aarono@haelaw.com>; Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Aaron Katz <akatz@aaronkatzlaw.com>
**Cc:** Risa Castro <risac@haelaw.com>
**Subject:** RE: Activity in Case 2:25-cv-04446-DMG-JPR Darlene Tuulik et al v. Carla J. Schwartz et al Notice of Assignment to United States Judges(CV-18) - optional html form

My edits attached. Please stop rejecting my changes, some of which are correcting typos. Aaron needs to add his signature block.

As I note in my comment on the PO, I just realized our firm retreat is on June 26. Can we please move the hearing date to the next available so I am able to attend?

Raina

---

**From:** Damion Robinson <dr@robinsonmarkevitch.com>
**Sent:** Thursday, May 29, 2025 5:24 PM
**To:** Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>; Aaron Olsen <aarono@haelaw.com>; Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Raina Borrelli <raina@straussborrelli.com>; Aaron Katz <akatz@aaronkatzlaw.com>
**Cc:** Risa Castro <risac@haelaw.com>
**Subject:** RE: Activity in Case 2:25-cv-04446-DMG-JPR Darlene Tuulik et al v. Carla J. Schwartz et al Notice of Assignment to United States Judges(CV-18) - optional html form

I am attaching a draft stipulation and order on the consolidation piece, updated to reflect the *Tuulik* case being assigned a case number.  I have redlined this against Mike's proposed stipulation of yesterday.  Please let me know of any comments or, if none, that we are authorized to e-sign and file this.

---

**From:** Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>
**Sent:** Thursday, May 29, 2025 2:16 PM
**To:** Aaron Olsen <aarono@haelaw.com>; Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Raina Borrelli <raina@straussborrelli.com>; Aaron Katz <akatz@aaronkatzlaw.com>; Damion Robinson <dr@robinsonmarkevitch.com>
**Cc:** Risa Castro <risac@haelaw.com>
**Subject:** RE: Activity in Case 2:25-cv-04446-DMG-JPR Darlene Tuulik et al v. Carla J. Schwartz et al Notice of Assignment to United States Judges(CV-18) - optional html form

Hi All, Defendants are fine with the stip to consolidate and keeping this agreed upon issue separate from the interim counsel issue.

Exhibit 14 Page 0084

Defendants do not want or need to be on a stip with the counsel issue.

Thank you,
Mike

 **Michael K. Grimaldi**
**Partner**
Michael.Grimaldi@lewisbrisbois.com

**T: 213.599.7761 F: 213.250.7900 M: 213.239.3786**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Aaron Olsen <aarono@haelaw.com>
**Sent:** Thursday, May 29, 2025 10:56 AM
**To:** Bartolomeo, Bradley <Bradley.Bartolomeo@lewisbrisbois.com>; Ray Boucher <Ray@boucher.la>; Shehnaz Bhujwala <Bhujwala@boucher.la>; charles@thelewfirm.com; Jimmie Davis Parker <jdp@robinsonmarkevitch.com>; Carly Roman <croman@straussborrelli.com>; Raina Borrelli <raina@straussborrelli.com>; Grimaldi, Michael <Michael.Grimaldi@lewisbrisbois.com>; Aaron Katz <akatz@aaronkatzlaw.com>; Damion Robinson <dr@robinsonmarkevitch.com>
**Cc:** Risa Castro <risac@haelaw.com>
**Subject:** FW: Activity in Case 2:25-cv-04446-DMG-JPR Darlene Tuulik et al v. Carla J. Schwartz et al Notice of Assignment to United States Judges(CV-18) - optional html form

EXTERNAL

Hi All,

The Tuulik matter was just assigned a case number and department.  Damion, would you mind adding this case number to the stipulation for consolidation?  Where are we at on that with everyone.

Best,

Aaron

Exhibit 14 Page 0085

**Aaron Olsen**
Partner (He/Him), Haeggquist & Eck, LLP

(619) 269-3193 | aarono@haelaw.com | haelaw.com

225 Broadway, Suite 2050, San Diego, CA 92101

    

**Bio**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Thursday, May 29, 2025 10:51 AM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:25-cv-04446-DMG-JPR Darlene Tuulik et al v. Carla J. Schwartz et al Notice of Assignment to United States Judges(CV-18) - optional html form

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 5/29/2025 at 10:51 AM PDT and filed on 5/29/2025
**Case Name:**      Darlene Tuulik et al v. Carla J. Schwartz et al
**Case Number:**    2:25-cv-04446-DMG-JPR
**Filer:**
**Document Number:** 18

**Docket Text:**
**NOTICE OF ASSIGNMENT to District Judge Dolly M. Gee and Magistrate Judge Jean P. Rosenbluth. (ghap)**

**2:25-cv-04446-DMG-JPR Notice has been electronically mailed to:**

4

Exhibit 14 Page 0086

Michael Grimaldi    michael.grimaldi@lewisbrisbois.com

Anna C. Schwartz    annas@haelaw.com

Aaron M Olsen    aarono@haelaw.com

Alreen Haeggquist    alreenh@haelaw.com, risac@haelaw.com

**2:25-cv-04446-DMG-JPR Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

Exhibit 14 Page 0087



**EXHIBIT 15**

Exhibit 15 Page 0088



SUPREME COURT
**FILED**

OCT 2 8 1992

Robert Wandruff Clerk
H. CRUZ
DEPUTY

(State Bar Court Case No. 88-O-12938)

S028353

**IN THE SUPREME COURT OF THE STATE OF CALIFORNIA**

**IN BANK**

===============================================================

**IN RE RAYMOND PAUL BOUCHER ON DISCIPLINE**

===============================================================

It is ordered that **Raymond Paul Boucher** be suspended from the practice of law for a period of one year, that execution of suspension be stayed, and that he be placed on probation for a period of two years subject to the conditions of probation, including 30 days actual suspension, recommended by the Hearing Department of the State Bar Court in its Order Approving Stipulations filed July 7, 1992. It is also ordered that he take and pass the California Professional Responsibility Examination within one year after the effective date of this order. Costs are awarded to the State Bar.

*George*

Acting   Chief Justice

I, Robert F. Wandruff, Clerk of the Supreme Court of the State of California do hereby certify that the preceding is a true copy of an order of this Court, as shown by the records of my office.

Witness my hand and the seal of the Court this

_____ day of __OCT 2 8 1992__ A. D. 19 ___
                                        Clerk

By _Henrietta A Cruz_
   Deputy Clerk

**kwiktag °**   **152 149 076**

Exhibit 15 Page 0089



**EXHIBIT 16**

Exhibit 16 Page 0090

ACCO,CLOSED,CONSOL,DISCOVERY,MANADR,RELATED-G

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:25-cv-02263-GW-SSC

Jane Doe v. Jaime S. Schwartz MD PC et al
Assigned to: Judge George H Wu
Referred to: Magistrate Judge Stephanie S. Christensen
Lead case: 2:25-cv-00898-GW-SSC
Member case: (View Member Case)
Related Cases: 2:25-cv-00898-GW-SSC
               2:25-cv-03393-GW-SSC
Cause: 28:1332 Diversity-(Citizenship)

Date Filed: 03/13/2025
Date Terminated: 06/06/2025
Jury Demand: Plaintiff
Nature of Suit: 380 Personal Property: Other
Jurisdiction: Diversity

**Plaintiff**

**Jane Doe**
*on behalf of herself and all others similarly situated*

represented by  **Andrew Gerald Gunem**
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: agunem@straussborrelli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carly M. Roman**
Strauss Borrelli PLLC
980 North Michigan Avenue., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: croman@straussborrelli.com
*ATTORNEY TO BE NOTICED*

**Daniel Z. Srourian**
Srourian Law Firm PC
468 N. Camden Dr. Suite 200
Beverly Hills, CA 90210
213-471-3800
Fax: 213-471-4160
Email: daniel@slfla.com
*ATTORNEY TO BE NOTICED*

**Raina C. Borrelli**
Strauss Borrelli PLLC
980 North Michigan Avenue, Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: raina@straussborrelli.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jaime S. Schwartz MD PC**

represented by  **Michael Keith Grimaldi**
Lewis Brisbois Bisgaard and Smith LLP
633 West 5th Street Suite 4000
Los Angeles, CA 90071
213-250-1800
Fax: 213-250-7900

Email: michael.grimaldi@lewisbrisbois.com
*ATTORNEY TO BE NOTICED*

**Defendant**

Total Lipedema Care | represented by **Michael Keith Grimaldi**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/13/2025 | 1 | COMPLAINT Receipt No: ACACDC-39297829 - Fee: $405, filed by Plaintiff Jane Doe. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet) (Attorney Andrew Gerald Gunem added to party Jane Doe(pty:pla))(Gunem, Andrew) (Entered: 03/13/2025) |
| 03/13/2025 | 2 | NOTICE of Interested Parties filed by Plaintiff Jane Doe, identifying N/A. (Gunem, Andrew) (Entered: 03/13/2025) |
| 03/13/2025 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Jane Doe. (Gunem, Andrew) (Entered: 03/13/2025) |
| 03/13/2025 | 4 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Jane Doe. (Gunem, Andrew) (Entered: 03/13/2025) |
| 03/14/2025 | 5 | NOTICE OF ASSIGNMENT to District Judge John A. Kronstadt and Magistrate Judge Patricia Donahue. (ghap) (Entered: 03/14/2025) |
| 03/14/2025 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (ghap) (Entered: 03/14/2025) |
| 03/14/2025 | 7 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (ghap) (Entered: 03/14/2025) |
| 03/14/2025 | 8 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Jaime S. Schwartz MD PC. (ghap) (Entered: 03/14/2025) |
| 03/14/2025 | 9 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Total Lipedema Care. (ghap) (Entered: 03/14/2025) |
| 03/21/2025 | 10 | STANDING ORDERS FOR CIVIL CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT upon filing of the complaint by Judge John A. Kronstadt. Please read each Order carefully as they differ in some respects from the Local Rules. Counsel are advised that the Court, at any time, may amend one or more of its Standing Orders. It is the responsibility of counsel to refer to this Court's Procedures and Schedules found on the website for the United States District Court, Central District of California (www.cacd.uscourts.gov) to obtain the operative order. The Court thanks the parties and their counsel for their anticipated cooperation in carrying out these requirements. (dto) (Entered: 03/21/2025) |
| 03/26/2025 | 11 | PROOF OF SERVICE Executed by Plaintiff Jane Doe, upon Defendant Jaime S. Schwartz MD PC served on 3/21/2025, answer due 4/11/2025. Service of the Summons and Complaint were executed upon Jaime S. Schwartz MD in compliance with Federal Rules of Civil Procedure by personal service (Gunem, Andrew) (Entered: 03/26/2025) |
| 03/26/2025 | 12 | PROOF OF SERVICE Executed by Plaintiff Jane Doe, upon Defendant Total Lipedema Care served on 3/21/2025, answer due 4/11/2025. Service of the Summons and Complaint were executed upon Jaime S. Schwartz MD in compliance with Federal Rules of Civil Procedure by personal service (Gunem, Andrew) (Entered: 03/26/2025) |
| 04/14/2025 | 13 | NOTICE of Interested Parties filed by Defendant Jaime S. Schwartz MD PC, (Attorney Michael Keith Grimaldi added to party Jaime S. Schwartz MD PC(pty:dft))(Grimaldi, Michael) (Entered: 04/14/2025) |
| 04/17/2025 | 14 | STIPULATION Extending Time to Answer the complaint as to All Defendants, filed by Defendant Total Lipedema Care, Jaime S. Schwartz MD PC.(Attorney Michael Keith Grimaldi added to party Total Lipedema Care(pty:dft)) (Grimaldi, Michael) (Entered: 04/17/2025) |
| 05/13/2025 | 15 | Notice of Appearance or Withdrawal of Counsel: for attorney Carly M. Roman counsel for Plaintiff Jane Doe. Adding Carly M. Roman as counsel of record for Plaintiff Jane Doe for the reason indicated in the G-123 Notice. Filed by Plaintiff Jane Doe. (Attorney Carly M. Roman added to party Jane Doe(pty:pla))(Roman, Carly) (Entered: 05/13/2025) |
| 05/19/2025 | 16 | [DOCUMENT STRICKEN PER ORDER ON 05/22/2025, SEE DOC NO. 21] APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-39735338) filed by Plaintiff Jane Doe. (Attachments: # 1 Proposed Order, # 2 Certificate of Good Standing) (Gunem, Andrew) Modified on 5/22/2025 (aco). (Entered: 05/19/2025) |
| 05/20/2025 | 17 | Notice of Related Cases filed by Plaintiff Jane Doe. (Borrelli, Raina) (Entered: 05/20/2025) |
| 05/21/2025 | 18 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, |

| | | Receipt No. ACACDC-39735338) 16 . The following error(s) was/were found: Local Rule 83-2.1.3.4 Local counsel does not maintain an office within the District for the practice of law, in which the attorney is physically present on a regular basis to conduct business. Per L.R. 83-2.1.3.2- (b) is regularly employed in California; or (c) is regularly engaged in business, professional, or other similar activities in California. (sbou) (Entered: 05/21/2025) |
|---|---|---|
| 05/21/2025 | 19 | ORDER RE TRANSFER PURSUANT to this Court's General Order in the Matter of Assignment of Cases and Duties to the District Judges. Related Case- filed. Related Case No: 2:25-cv-00898 GW (SSCx). Case transferred from Magistrate Judge Patricia Donahue and Judge John A. Kronstadt to Judge George H Wu and Magistrate Judge Stephanie S. Christensen for all further proceedings. The case number will now reflect the initials of the transferee Judge 2:25-cv-00898 GW (SSCx). Signed by Judge George H Wu (lh) (Entered: 05/21/2025) |
| 05/22/2025 | 20 | STANDING ORDER RE FINAL PRE-TRIAL CONFERENCES FOR CIVIL JURY TRIALS BEFORE JUDGE GEORGE H. WU by Judge George H Wu. You are instructed to read and to follow (unless otherwise superseded herein) the Central District of California Local Rules (henceforth "Local Rules") 16-1 through 16-15 regarding pre-trial requirements. (See document for further details). (aco) (Entered: 05/22/2025) |
| 05/22/2025 | 21 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-39735338) 16 by Judge George H Wu. Docket No. 16 is stricken for the reason(s) stated in the Notice 18 filed on May 21, 2025. (See document for further details). (aco) (Entered: 05/22/2025) |
| 05/23/2025 | 22 | Notice of Appearance or Withdrawal of Counsel: for attorney Daniel Z. Srourian counsel for Plaintiff Jane Doe. Adding Daniel Srourian as counsel of record for Jane Doe for the reason indicated in the G-123 Notice. Filed by Plaintiff Jane Doe. (Attorney Daniel Z. Srourian added to party Jane Doe(pty:pla))(Srourian, Daniel) (Entered: 05/23/2025) |
| 05/28/2025 | 23 | [DOCUMENT STRICKEN PER ORDER ON 05/30/2025, SEE DOC NO. 25] APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-39788090) filed by Plaintiff Jane Doe. (Attachments: # 1 Proposed Order Proposed order) (Srourian, Daniel) Modified on 5/30/2025 (aco). (Entered: 05/28/2025) |
| 05/29/2025 | 24 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-39788090) 23 . The following error(s) was/were found: Per L.R. 83-2.1.3.2- (b) is regularly employed in California; or (c) is regularly engaged in business, professional, or other similar activities in California. (sbou) (Entered: 05/29/2025) |
| 05/30/2025 | 25 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-39788090) 23 by Judge George H Wu. Docket No. 23 is stricken for the reason(s) stated in the Notice 24 filed on May 29, 2025. (aco) (Entered: 05/30/2025) |
| 06/06/2025 | 27 | ORDER APPROVING STIPULATION TO RELATE AND CONSOLIDATE by Judge George H Wu. The Court, having considered the Stipulation to Consolidate filed by the parties, and finding good cause, hereby APPROVES the Stipulation as follows: 1. The Court finds this action and the actions entitled Doe 1 v. Schwartz, et al., Case No. 2:25-cv-02263, Jane Doe v. Jaime S. Schwartz MD PC, et al., Case No. 2:25-cv-03993; and Tuulik, et al. v. Schwartz, et al., Case No. 2:25-cv-04446-DMGJPR (the four actions together the Related Actions) to be related. This action, being the low-numbered action, shall be deemed the lead case. 2. The Court hereby CONSOLIDATES this action and the other Related Actions pursuant to Federal Rule of Civil Procedure 42. All future filings shall be filed under Case No. 2:25-CV-00898. The Clerks Office is directed to add the parties and counsel in 2:25-CV-00898. 3. Case Nos. 2:25-cv-02263, 2:25-cv-03993, and 2:25-cv-04446, are administratively closed. 4. The title of the consolidated cases shall be In re Jaime S. Schwartz, MD, Data Security Litigation. (See document for further details.) (Made JS-6. Case Terminated.) (aco) (Entered: 06/09/2025) |
| 06/09/2025 | 26 | APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500.00 Previously Paid on 5/28/2025, Receipt No. ACACDC-39788090) filed by Plaintiff Jane Doe. (Attachments: # 1 Proposed Order Proposed order) (Srourian, Daniel) (Entered: 06/09/2025) |
| 06/11/2025 | 28 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500.00 Previously Paid on 5/28/2025, Receipt No. ACACDC-39788090) 26 . The following error(s) was/were found: Application should be filed under Case No. 2:25-CV-00898. Application not signed. (sbou) (Entered: 06/11/2025) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 06/11/2025 13:56:54 |

| PACER Login: | damion.robinson | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:25-cv-02263-GW-SSC End date: 6/11/2025 |
| Billable Pages: | 5 | Cost: | 0.50 |

Exhibit 16 Page 0094



**EXHIBIT 17**

Exhibit 17 Page 0095

(SSCx),CLOSED,CONSOL,DISCOVERY,MANADR,RELATED-G

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)**
**CIVIL DOCKET FOR CASE #: 2:25-cv-03393-GW-SSC**

Jane Doe v. Jaime S. Schwartz MD PC
Assigned to: Judge George H Wu
Referred to: Magistrate Judge Stephanie S. Christensen
Demand: $5,000,000
Lead case: 2:25-cv-00898-GW-SSC
Member case: (View Member Case)
Related Case: 2:25-cv-02263-GW-SSC
Case in other court: Superior Court of the State of California Los Ange,
         25STCV07155
Cause: 28:1446 Notice of Removal - Breach of Contract - Insurance

Date Filed: 04/17/2025
Date Terminated: 06/06/2025
Jury Demand: Plaintiff
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

**Plaintiff**

**Jane Doe**
*on behalf of herself and all others simialrly situated*

represented by **Andrew Gerald Gunem**
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: agunem@straussborrelli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carly M. Roman**
Strauss Borrelli PLLC
980 North Michigan Avenue., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: croman@straussborrelli.com
*ATTORNEY TO BE NOTICED*

**Daniel Z. Srourian**
Srourian Law Firm PC
468 N. Camden Dr. Suite 200
Beverly Hills, CA 90210
213-471-3800
Fax: 213-471-4160
Email: daniel@slfla.com
*ATTORNEY TO BE NOTICED*

**Raina C. Borrelli**
Strauss Borrelli PLLC
980 North Michigan Avenue, Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: raina@straussborrelli.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jaime S. Schwartz MD PC**

represented by **Michael Keith Grimaldi**
Lewis Brisbois Bisgaard and Smith LLP
633 West 5th Street Suite 4000
Los Angeles, CA 90071
213-250-1800

Exhibit 17 Page 0096

Fax: 213-250-7900
Email: michael.grimaldi@lewisbrisbois.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/18/2025 | 1 | Notice of Removal filed by Defendant Jaime S. Schwartz MD PC. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(Grimaldi, Michael) (Entered: 04/18/2025) |
| 04/18/2025 | | CONFORMED FILED COPY OF COMPLAINT against Defendant Jaime S. Schwartz MD PC. Jury Demanded., filed by plaintiff Jane Doe. (FILED IN STATE COURT ON 3/12/2025 SUBMITTED ATTACHED EXHIBIT 1) (ghap) (Entered: 04/28/2025) |
| 04/24/2025 | 2 | NOTICE OF DEFICIENCIES in Attorney Case Opening. The following error(s) was found: You have attempted to open this case electronically but have failed to upload successfully the required PDF version of any initiating document, such as a complaint or notice of removal. You must file an initiating document within two business days of this notice or the docket for this case number will be closed. A case-initiating document was submitted without payment of the full filing fee. Within two business days of this notice, counsel must pay the filing fee or file a request to proceed in forma pauperis;otherwise, the docket for this case number will be closed and no further filings will be permitted under this case number. The filing fee may be paid online by docketing the event Pay Filing Fee. (ghap) (Entered: 04/24/2025) |
| 04/25/2025 | | FILING FEE PAID for new civil case. Receipt No. ACACDC-39584341 for $405 filing fee. (Grimaldi, Michael) (Entered: 04/25/2025) |
| 04/28/2025 | 3 | NOTICE OF ASSIGNMENT to District Judge Christina A. Snyder and Magistrate Judge Karen E. Scott. (ghap) (Entered: 04/28/2025) |
| 04/28/2025 | 4 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (ghap) (Entered: 04/28/2025) |
| 04/28/2025 | 5 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (ghap) (Entered: 04/28/2025) |
| 04/28/2025 | 6 | NOTICE OF DEFICIENCIES in Attorney Case Opening RE: Notice (Other) 1 . The following error(s) was found: No Notice of Interested Parties has been filed. A Notice of Interested Parties must be filed with every partys first appearance. See Local Rule 7.1-1. Counsel must file a Notice of Interested Parties immediately. Failure to do so may be addressed by judicial action, including sanctions. See Local Rule 83-7. (ghap) (Entered: 04/28/2025) |
| 04/28/2025 | 7 | NOTICE OF DEFICIENCIES in Attorney Case Opening RE: Notice (Other) 1 . The following error(s) was found: Other error(s) with document(s): Attachments 2 Civil Cover Sheet is attached to the Notice of Removal. Each of these documents should have been filed and entered separately under its correct event/relief. You need not take any action in response to this notice unless and until the Court directs you to do so. (ghap) (Entered: 04/28/2025) |
| 04/28/2025 | 8 | NOTICE of Interested Parties filed by Plaintiff Jane Doe, identifying N/A. (Gunem, Andrew) (Entered: 04/28/2025) |
| 04/28/2025 | 9 | NOTICE of Appearance filed by attorney Carly M. Roman on behalf of Plaintiff Jane Doe (Attorney Carly M. Roman added to party Jane Doe(pty:pla))(Roman, Carly) (Entered: 04/28/2025) |
| 04/28/2025 | 10 | *CERTIFICATION AND* NOTICE of Interested Parties filed by Defendant Jaime S. Schwartz MD PC, identifying JAIME S. SCHWARTZ MD PC. (Grimaldi, Michael) (Entered: 04/28/2025) |
| 05/16/2025 | 11 | NOTICE OF CLERICAL ERROR:Text Only Entry. Due to a clerical error, the case was assigned to Magistrate Judge Karen E. Scott. The case is returned for random reassignment to Magistrate Judge Alka Sagar for all further proceedings. The case will now reflect the initials of the transferee Judge 2:25-cv-03393-CAS-ASx.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (nhac) (Entered: 05/16/2025) |
| 05/19/2025 | 12 | [DOCUMENT STRICKEN PER ORDER ON 05/22/2025, SEE DOC NO. 18] APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-39735394) filed by Plaintiff Jane Doe. (Attachments: # 1 Proposed Order, # 2 Certificate of Good Standing) (Gunem, Andrew) Modified on 5/22/2025 (aco). (Entered: 05/19/2025) |
| 05/20/2025 | 13 | Notice of Related Cases filed by Plaintiff Jane Doe. (Borrelli, Raina) (Entered: 05/20/2025) |
| 05/20/2025 | 14 | ORDER TO REASSIGN CASE Pursuant to this Court's General Order in the Matter of Assignment of Cases and Duties to the District Judges. (identical case) by Judge Mark C. Scarsi, Case Management and Assignment Committee Chair. Case transferred to the calendar of Judge John A. Kronstadt for all further proceedings. All discovery matters are transferred to Magistrate Judge Patricia Donahue. Case number now reads as 2:25-cv-03393 JAK (PDx). (lh) (Entered: 05/20/2025) |
| 05/21/2025 | 15 | NOTICE of deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-39735394) 12 . The following error(s) was/were found: Local Rule 83-2.1.3.4 Local counsel |

| | | does not maintain an office within the District for the practice of law, in which the attorney is physically present on a regular basis to conduct business. Per L.R. 83-2.1.3.2- (b) is regularly employed in California; or (c) is regularly engaged in business, professional, or other similar activities in California. (sbou) (Entered: 05/21/2025) |
|---|---|---|
| 05/21/2025 | 16 | ORDER RE TRANSFER PURSUANT to this Court's General Order in the Matter of Assignment of Cases and Duties to the District Judges. Related Case- filed. Related Case No: 2:25-cv-00898 GW (SSCx). Case transferred from Magistrate Judge Patricia Donahue and Judge John A. Kronstadt to Judge George H Wu and Magistrate Judge Stephanie S. Christensen for all further proceedings. The case number will now reflect the initials of the transferee Judge 2:25-cv-03393 GW (SSCx). Signed by Judge George H Wu (lh) (Entered: 05/21/2025) |
| 05/22/2025 | 17 | STANDING ORDER RE FINAL PRE-TRIAL CONFERENCES FOR CIVIL JURY TRIALS BEFORE JUDGE GEORGE H. WU by Judge George H Wu. You are instructed to read and to follow (unless otherwise superseded herein) the Central District of California Local Rules (henceforth "Local Rules") 16-1 through 16-15 regarding pre-trial requirements. (See document for further details). (aco) (Entered: 05/22/2025) |
| 05/22/2025 | 18 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-39735394) 12 by Judge George H Wu. Docket No. 12 is stricken for the reason(s) stated in the Notice 15 filed on May 21, 2025. (See document for further details). (aco) (Entered: 05/22/2025) |
| 05/23/2025 | 19 | Notice of Appearance or Withdrawal of Counsel: for attorney Daniel Z. Srourian counsel for Plaintiff Jane Doe. Adding Daniel Srourian as counsel of record for Jane Doe for the reason indicated in the G-123 Notice. Filed by Plaintiff Jane Doe. (Attorney Daniel Z. Srourian added to party Jane Doe(pty:pla))(Srourian, Daniel) (Entered: 05/23/2025) |
| 05/28/2025 | 20 | [DOCUMENT STRICKEN PER ORDER ON 05/30/2025, SEE DOC NO. 22] APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-39788135) filed by Plaintiff Jane Doe. (Attachments: # 1 Proposed Order Proposed order) (Srourian, Daniel) Modified on 5/30/2025 (aco). (Entered: 05/28/2025) |
| 05/29/2025 | 21 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-39788135) 20 . The following error(s) was/were found: Per L.R. 83-2.1.3.2- (b) is regularly employed in California; or (c) is regularly engaged in business, professional, or other similar activities in California. (sbou) (Entered: 05/29/2025) |
| 05/30/2025 | 22 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-39788135) 20 by Judge George H Wu. Docket No. 20 is stricken for the reason(s) stated in the Notice 21 filed on May 29, 2025. (aco) (Entered: 05/30/2025) |
| 06/06/2025 | 24 | ORDER APPROVING STIPULATION TO RELATE AND CONSOLIDATE by Judge George H Wu. The Court, having considered the Stipulation to Consolidate filed by the parties, and finding good cause, hereby APPROVES the Stipulation as follows: 1. The Court finds this action and the actions entitled Doe 1 v. Schwartz, et al., Case No. 2:25-cv-02263, Jane Doe v. Jaime S. Schwartz MD PC, et al., Case No. 2:25-cv-03993; and Tuulik, et al. v. Schwartz, et al., Case No. 2:25-cv-04446-DMGJPR (the four actions together the "Related Actions") to be related. This action, being the low-numbered action, shall be deemed the lead case. 2. The Court hereby CONSOLIDATES this action and the other Related Actions pursuant to Federal Rule of Civil Procedure 42. All future filings shall be filed under Case No. 2:25-CV-00898. The Clerk's Office is directed to add the parties and counsel in 2:25-CV-00898. 3. Case Nos. 2:25-cv-02263, 2:25-cv-03993, and 2:25-cv-04446, are administratively closed. 4. The title of the consolidated cases shall be In re Jaime S. Schwartz, MD, Data Security Litigation. (See document for further details). (Made JS-6. Case Terminated.) (aco) (Entered: 06/09/2025) |
| 06/09/2025 | 23 | APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500.00 Previously Paid on 5/28/2025, Receipt No. ACACDC-39788135) filed by Plaintiff Jane Doe. (Attachments: # 1 Proposed Order Proposed order) (Srourian, Daniel) (Entered: 06/09/2025) |
| 06/11/2025 | 25 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Raina C. Borrelli to Appear Pro Hac Vice on behalf of Plaintiff Jane Doe (Pro Hac Vice Fee - $500.00 Previously Paid on 5/28/2025, Receipt No. ACACDC-39788135) 23 . The following error(s) was/were found: Application should be filed under Case No. 2:25-CV-00898. Application not signed. (sbou) (Entered: 06/11/2025) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 06/11/2025 14:31:58 | | |
| PACER Login: | damion.robinson | Client Code: |

6/11/25, 2:34 PM    Case 2:25-cv-00898-GW-SSC    Document 51-1    CM/ECF - California Central District    Filed 06/12/25    Page 99 of 128    Page

ID #:789

| Description: | Docket Report | Search Criteria: | 2:25-cv-03393-GW-SSC End date: 6/11/2025 |
|---|---|---|---|
| Billable Pages: | 5 | Cost: | 0.50 |



**EXHIBIT 18**

Exhibit 18 Page 0100

1  Andrew G. Gunem (SBN 354042)
2  agunem@straussborrelli.com
   STRAUSS BORRELLI PLLC
3  980 N. Michigan Avenue, Suite 1610
4  Chicago, IL 60611
   Telephone: (872) 263-1100
5  Facsimile: (872) 263-1109

6
   *Attorneys for Plaintiff and Proposed Class*
7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10
   JANE DOE, on behalf of herself and all    Case No. 2:25-cv-02263
11 others similarly situated,
                                             **CLASS ACTION COMPLAINT**
12          Plaintiff,                        **FOR DAMAGES, INJUNCTIVE**
                                             **RELIEF, AND EQUITABLE**
13                                            **RELIEF FOR:**
   v.                                         **1.  NEGLIGENCE;**
14                                            **2.  NEGLIGENCE PER SE;**
15 JAIME S. SCHWARTZ MD PC and                **3.  BREACH OF IMPLIED**
   TOTAL LIPEDEMA CARE,                       **    CONTRACT**
16                                            **4.  BREACH OF THE IMPLIED**
17          Defendants.                       **    COVENANT OF GOOD FAITH**
                                             **    AND FAIR DEALING**
18                                            **5.  UNJUST ENRICHMENT**
19                                            **6.  INVASION OF PRIVACY**
                                             **7.  VIOLATION OF**
20                                            **    CALIFORNIA'S UNFAIR**
21                                            **    COMPETITION LAW**
22                                            **8.  VIOLATION OF THE**
                                             **    CALIFORNIA CONSUMER**
23                                            **    PRIVACY ACT**
24                                            **9.  VIOLATION OF THE**
25                                            **    CALIFORNIA CUSTOMER**
26                                            **    RECORDS ACT**

27

28
   ─────────────────────────────────────────────
              CLASS ACTION COMPLAINT – 1

Exhibit 18 Page 0101

F.  Awarding restitution and damages to Plaintiff and the Class in an amount to be determined at trial;

G.  Awarding attorneys' fees and costs, as allowed by law;

H.  Awarding prejudgment and post-judgment interest, as provided by law;

I.  Granting Plaintiff and the Class leave to amend this complaint to conform to the evidence produced at trial; and

J.  Granting such other or further relief as may be appropriate under the circumstances.

## **JURY DEMAND**

Plaintiff hereby demands that this matter be tried before a jury.


Dated: March 13, 2025          By: */s/ Andrew G. Gunem*
                                     Andrew G. Gunem (SBN 354042)
                                     agunem@straussborrelli.com
                                     STRAUSS BORRELLI PLLC
                                     980 N. Michigan Avenue, Suite 1610
                                     Chicago, IL 60611
                                     Telephone: (872) 263-1100
                                     Facsimile: (872) 263-1109

                                     *Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT – 56

Exhibit 18 Page 0102



**EXHIBIT 19**

Exhibit 19 Page 0103

1 | Andrew G. Gunem (SBN 354042)
2 | agunem@straussborrelli.com
    **STRAUSS BORRELLI PLLC**
3 | 980 N. Michigan Avenue, Suite 1610
    Chicago, IL 60611
4 | Telephone: (872) 263-1100
    Facsimile: (872) 263-1109
5 |
6 | *Attorneys for Plaintiff and Proposed Class*

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
3/12/2025 12:28 PM
David W. Slayton,
**Executive Officer/Clerk of Court,**
By M. Aguirre, Deputy Clerk

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9 | **COUNTY OF LOS ANGELES**

| JANE DOE, on behalf of herself and all others similarly situated, | Case No. 25STCV07155 |
|---|---|
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND EQUITABLE RELIEF FOR:** |
| v. | 1. **NEGLIGENCE;** |
| JAMES S. SCHWARTZ MD PC, | 2. **NEGLIGENCE *PER SE*;** |
| Defendant | 3. **BREACH OF IMPLIED CONTRACT** |
| | 4. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| | 5. **UNJUST ENRICHMENT** |
| | 6. **INVASION OF PRIVACY** |
| | 7. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW** |
| | 8. **VIOLATION OF THE CALIFORNIA CONSUMER PRIVACY ACT** |
| | 9. **VIOLATION OF THE CALIFORNIA CUSTOMER RECORDS ACT** |
| | 10. **VIOLATION OF THE CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT** |
| | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT – 1

Exhibit 19 Page 0104

## JURY DEMAND

Plaintiff hereby demands that this matter be tried before a jury.

Dated: March 12, 2025                  Respectfully submitted,


By:  /s/ Andrew G. Gunem
     Andrew G. Gunem (SBN 354042)
     **STRAUSS BORRELLI PLLC**
     One Magnificent Mile
     980 N Michigan Avenue, Suite 1610
     Chicago IL, 60611
     Telephone: (872) 263-1100
     Facsimile: (872) 263-1109
     agunem@straussborrelli.com

     *Attorney for Plaintiff and Proposed Class*



**EXHIBIT 20**

Exhibit 20 Page 0106

## The State Bar *of* California

**Andrew Gerald Gunem #354042**
License Status: Active

Address: Strauss Borrelli PLLC, 980 N Michigan Ave, Ste 1610, Chicago, IL 60611-7502
Phone: 872-263-1100 | Fax: 872-263-1109
Email: **agunem@straussborrelli.com** | Website: Not Available

### More about This Attorney ▲

**CLA Sections:**                    None

The **California Lawyers Association** (CLA) is an independent organization and is not part of the State Bar of California.

**Self-Reported Practice Areas:**

Note: The State Bar does not verify the accuracy of this content and makes no warranties regarding experience or competence in practice areas. The State Bar encourages those seeking legal help to search **Certified Specialists**, use **Certified Lawyer Referral Services**, search through **LawHelpCA.org**, and use the State Bar's online **public information** to complement this information.

- Class Actions

**Additional Languages Spoken:**

- By the attorney: None reported
- By staff: None reported

**Law School:** Univ of Wisconsin Law School; Madison WI

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's **policy on removal of administrative actions**. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ℹ | Discipline ℹ | Administrative Action ℹ |
|---|---|---|---|
| Present | Active | | |
| 1/8/2024 | Admitted to the State Bar of California | | |

Additional Information:
- **About the disciplinary system**

Copyright © 2025 The State Bar of California

  

Exhibit 20 Page 0107



**EXHIBIT 21**

Exhibit 21 Page 0108

The State Bar *of* California

**Carly Marie Roman #349895**
License Status: Active

Address: Strauss Borrelli, 980 N Michigan Ave, Ste 1610, Chicago, IL 60611-7502
Phone: 872-263-1100  |  Fax: 866-748-6220
Email: **croman@straussborrelli.com**  |  Website: **www.straussborrelli.com**

## More about This Attorney ▲

**CLA Sections:**                            None

The **California Lawyers Association** (CLA) is an independent organization and is not part of the State Bar of California.

**Self-Reported Practice Areas:**

Note: The State Bar does not verify the accuracy of this content and makes no warranties regarding experience or competence in practice areas. The State Bar encourages those seeking legal help to search **Certified Specialists**, use **Certified Lawyer Referral Services**, search through **LawHelpCA.org**, and use the State Bar's online **public information** to complement this information.

- Litigation

**Additional Languages Spoken:**

- By the attorney: None reported
- By staff: Spanish

**Law School:** Univ. of New Hampshire SOL; Concord NH

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's **policy on removal of administrative actions**. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|---|---|---|---|
| Present | Active | | |
| 6/12/2023 | Admitted to the State Bar of California | | |

Additional Information:
- **About the disciplinary system**

Copyright © 2025 The State Bar of California

  

Exhibit 21 Page 0109



**EXHIBIT 22**

Exhibit 22 Page 0110

Name and address:
Andrew G. Gunem (SBN: 354042)
STRAUSS BORRELLI PLLC
980 N. Michigan Ave., Suite 1610, Chicago, IL 60611
2261 Market St., Suite 22946, San Francisco, CA 94114
agunem@straussborrelli.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Doe, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>Jaime S. Schwartz MD PC and Total Lipedema Care,<br><br>Defendant(s), | CASE NUMBER<br><br>2:25-cv-02263<br><br>**APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE**<br>*PRO HAC VICE* |

**INSTRUCTIONS FOR APPLICANTS**

(1) *The attorney seeking to appear pro hac vice must complete Section I of this Application, the certification in Section II, and have the designated Local Counsel sign in Section III. Space to supplement responses is provided in Section IV. The applicant must also attach a Certificate of Good Standing (issued within the last 30 days) from every state bar to which he or she is admitted; failure to do so will be grounds for denying the Application. Scan the completed Application, together with any attachment(s), to a single Portable Document Format (PDF) file.*

(2) *Have the designated Local Counsel file the Application electronically using the Court's electronic filing system ("Motions and Related Filings => Applications/Ex Parte Applications/Motions/Petitions/Requests => Appear Pro Hac Vice (G-64)"), attach a Proposed Order (using Form G-64 ORDER, available from the Court's website), and pay the required $500 fee online at the time of filing (using a credit card). The fee is required for each case in which the applicant files an Application. Failure to pay the fee at the time of filing will be grounds for denying the Application. **Out-of-state federal government attorneys are not required to pay the $500 fee.** (Certain attorneys for the United States are also exempt from the requirement of applying for pro hac vice status. See L.R. 83-2.1.4.) A copy of the G-64 ORDER in Word or WordPerfect format must be emailed to the generic chambers email address. L.R. 5-4.4.2.*

**SECTION I - INFORMATION**

Raina C. Borrelli
_____
*Applicant's Name (Last Name, First Name & Middle Initial)*        *check here if federal government attorney* ☐

STRAUSS BORRELLI PLLC
_____
*Firm/Agency Name*

980 N. Michigan Avenue, Suite 1610          (872) 263-1100          (872) 263-1109
_____   _____   _____
*Street Address*                             *Telephone Number*      *Fax Number*

Chicago, IL 60611                              raina@straussborrelli.com
_____   _____
*City, State, Zip Code*                          *E-mail Address*

**I have been retained to represent the following parties:**

| Jane Doe | ☒ *Plaintiff(s)* ☐ *Defendant(s)* ☐ *Other:* | |
|---|---|---|
| | ☐ *Plaintiff(s)* ☐ *Defendant(s)* ☐ *Other:* | |

*Name(s) of Party(ies) Represented*

List all state and federal courts (including appellate courts) to which the applicant has been admitted, and provide the current status of his or her membership. Use Section IV if more room is needed, or to provide additional information.

| *Name of Court* | *Date of Admission* | *Active Member in Good Standing? (if not, please explain)* |
|---|---|---|
| State of Minnesota | 10/28/2011 | Yes |
| U.S.D.C., District of Minnesota | 11/8/2011 | Yes |
| U.S.D.C., Eastern District of Wisconsin | 5/9/2019 | Yes |

Exhibit 22 Page 0111

List all cases in which the applicant has applied to this Court for *pro hac vice* status in the previous three years (continue in Section IV if needed):

| Case Number | Title of Action | Date of Application | Granted / Denied? |
|---|---|---|---|
| 2:22-cv-02820 | Henson, et al. v. SuperCare Health, Inc. | 6/3/2022 | Granted |
| 8:22-cv-00435 | Khederlarian v. Utility Trailer Manufacturing Co. | 7/25/2022 | Granted |
| 5:22-cv-01769 | Yauney v. HCI, LLC | 10/17/2022 | Granted |
| 2:24-cv-02761 | Rodriguez v. City of Hope National Medical Center | 7/10/2024 | Granted |
| 8:24-cv-02810 | Gehringer v. Ancestry.com Operations Inc., et al. | 1/23/2025 | Granted |

If any *pro hac vice* applications submitted within the past three (3) years have been denied by the Court, please explain:

Attorneys must be registered for the Court's electronic filing system to practice pro hac vice in this Court. Submission of this Application will constitute your registration (or re-registration) to use that system. If the Court signs an Order granting your Application, visit www.pacer.gov to complete the registration process and activate your e-filing privileges in the Central District of California.

## SECTION II - CERTIFICATION

I declare under penalty of perjury that:

(1) All of the above information is true and correct.

(2) I am not a resident of the State of California. I am not regularly employed in, or engaged in substantial business, professional, or other activities in the State of California.

(3) I am not currently suspended from and have never been disbarred from practice in any court.

(4) I am familiar with the Court's Local Civil and Criminal Rules, the Federal Rules of Civil and Criminal Procedure, and the Federal Rules of Evidence.

(5) I designate the attorney listed in Section III below, who is a member in good standing of the Bar of this Court and maintains an office in the Central District of California for the practice of law, in which the attorney is physically present on a regular basis to conduct business, as local counsel pursuant to Local Rule 83-2.1.3.4.

Dated  5/16/25

Raina C. Borrelli

Applicant's Name (please type or print)

Applicant's Signature

Exhibit 22 Page 0112

## SECTION III - DESIGNATION OF LOCAL COUNSEL

Gunem, Andrew G.
_Designee's Name (Last Name, First Name & Middle Initial)_

Strauss Borrelli PLLC
_Firm/Agency Name_

| 2261 Market St. | (872) 263-1100 | (872) 263-1109 |
| --- | --- | --- |
| Suite 22946 | _Telephone Number_ | _Fax Number_ |
| _Street Address_ | agunem@straussborrelli.com | |
| San Francisco, CA 94114 | _Email Address_ | |
| _City, State, Zip Code_ | Suite 22946 | |
| | _Designee's California State Bar Number_ | |

I hereby consent to the foregoing designation as local counsel, and declare under penalty of perjury that I maintain an office in the Central District of California for the practice of law, in which I am physically present on a regular basis to conduct business.

Dated    5/12/25

Andrew G. Gunem
_Designee's Name (please type or print)_

_Designee's Signature_

## SECTION IV - SUPPLEMENT ANSWERS HERE (ATTACH ADDITIONAL PAGES IF NECESSARY)

SECTION I - INFORMATION, Cont.

List all state and federal courts (including appellate courts) to which the applicant has been admitted, and provide the current status of his or her membership.

U.S.D.C., District of Colorado, Date of Admission: 2/20/2020, Active Member in Good Standing? Yes.

U.S.D.C., Northern District of Illinois, Date of Admission: 12/21/2021, Active Member in Good Standing? Yes.

U.S.D.C., Eastern District of Michigan, Date of Admission: 12/21/2021, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 10th Circuit, Date of Admission: 3/4/2021, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 1st Circuit, Date of Admission: 11/30/2022, Active Member in Good Standing? Yes.

U.S.D.C., Central District of Illinois, Date of Admission: 2/14/2023, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 7th Circuit, Date of Admission: 5/26/2023, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 9th Circuit, Date of Admission: 9/12/2023, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 2nd Circuit, Date of Admission: 12/11/2024, Active Member in Good Standing? Yes.

List all cases in which the applicant has applied to this Court for pro hac vice status in the previous three years.

- Case No. 8:24-cv-01772, McDaniel, et al. v. Toshiba American Business Solutions, Inc., Date of Application: 1/29/2025, Granted.
- Case No. 8:24-cv-01201, Gregerson v. Toshiba American Business Solutions, Inc., Date of Application: 3/28/25, Granted.

Exhibit 22 Page 0113



**EXHIBIT 23**

Exhibit 23 Page 0114



Exhibit 23 Page 0115



**EXHIBIT 24**

Exhibit 24 Page 0116



2261 Market St. San Francisco, CA 94114 | Phone: (415) 626-2575



## Get in touch

**Your Name (required)**

**Your Email (required)**

**Message (required)**

I'm not a robot
reCAPTCHA
Privacy - Terms

Send

## Other ways to contact us

Exhibit 24 Page 0117

**Address**

2261 Market St

San Francisco, CA 94114

b/t Sanchez St & 16th St

Neighborhood: Castro

**Contact**

(415) 626-2575

hello@outpostmailaccess.com

**Opening Hours:**

Mo-Fr: 10:00 am – 6:00 pm

Sa: 12:00 pm – 4:00 pm

Su: closed



Terms of Service | Privacy Policy | © Copyright - Outpost Mail Access

Exhibit 24 Page 0118



**EXHIBIT 25**

Exhibit 25 Page 0119

Name and address:
Daniel Srourian, Esq (SBN: 285678)
SROURIAN LAW FIRM, P.C.
468 N. Camden Dr., Suite 200
Beverly Hills, CA 90210
daniel@slfla.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Jane Doe, on behalf of herself and all others similarly situated,

Plaintiff(s),

v.

Jaime S. Schwartz MD PC and Total Lipedema Care,

Defendant(s),

CASE NUMBER

2:25-cv-02263

## APPLICATION OF NON-RESIDENT ATTORNEY
## TO APPEAR IN A SPECIFIC CASE
### *PRO HAC VICE*

### INSTRUCTIONS FOR APPLICANTS

(1) *The attorney seeking to appear pro hac vice must complete Section I of this Application, the certification in Section II, and have the designated Local Counsel sign in Section III. Space to supplement responses is provided in Section IV. The applicant must also attach a Certificate of Good Standing (issued within the last 30 days) from every state bar to which he or she is admitted; failure to do so will be grounds for denying the Application. Scan the completed Application, together with any attachment(s), to a single Portable Document Format (PDF) file.*

(2) *Have the designated Local Counsel file the Application electronically using the Court's electronic filing system ("Motions and Related Filings => Applications/Ex Parte Applications/Motions/Petitions/Requests => Appear Pro Hac Vice (G-64)"), attach a Proposed Order (using Form G-64 ORDER, available from the Court's website), and pay the required $500 fee online at the time of filing (using a credit card). The fee is required for each case in which the applicant files an Application. Failure to pay the fee at the time of filing will be grounds for denying the Application. **Out-of-state federal government attorneys are not required to pay the $500 fee.** (Certain attorneys for the United States are also exempt from the requirement of applying for pro hac vice status. See L.R. 83-2.1.4.) A copy of the G-64 ORDER in Word or WordPerfect format must be emailed to the generic chambers email address. L.R. 5-4.4.2.*

### SECTION I - INFORMATION

Raina C. Borrelli

Applicant's Name (Last Name, First Name & Middle Initial)                    check here if federal government attorney ☐

STRAUSS BORRELLI PLLC

Firm/Agency Name

| 980 N. Michigan Avenue, Suite 1610 | (872) 263-1100 | (872) 263-1109 |
|---|---|---|
| Street Address | Telephone Number | Fax Number |
| Chicago, IL 60611 | | raina@straussborrelli.com |
| City, State, Zip Code | | E-mail Address |

**I have been retained to represent the following parties:**

| Jane Doe | ☒ Plaintiff(s) ☐ Defendant(s) ☐ Other: | |
|---|---|---|
| | ☐ Plaintiff(s) ☐ Defendant(s) ☐ Other: | |

Name(s) of Party(ies) Represented

List all state and federal courts (including appellate courts) to which the applicant has been admitted, and provide the current status of his or her membership. Use Section IV if more room is needed, or to provide additional information.

| Name of Court | Date of Admission | Active Member in Good Standing? (if not, please explain) |
|---|---|---|
| State of Minnesota | 10/28/2011 | Yes |
| U.S.D.C., District of Minnesota | 11/8/2011 | Yes |
| U.S.D.C., Eastern District of Wisconsin | 5/9/2019 | Yes |

Exhibit 25 Page 0120

List all cases in which the applicant has applied to this Court for *pro hac vice* status in the previous three years (continue in Section IV if needed):

| Case Number | Title of Action | Date of Application | Granted / Denied? |
|---|---|---|---|
| 2:22-cv-02820 | Henson, et al. v. SuperCare Health, Inc. | 6/3/2022 | Granted |
| 8:22-cv-00435 | Khederlarian v. Utility Trailer Manufacturing Co. | 7/25/2022 | Granted |
| 5:22-cv-01769 | Yauney v. HCI, LLC | 10/17/2022 | Granted |
| 2:24-cv-02761 | Rodriguez v. City of Hope National Medical Center | 7/10/2024 | Granted |
| 8:24-cv-02810 | Gehringer v. Ancestry.com Operations Inc., et al. | 1/23/2025 | Granted |

If any *pro hac vice* applications submitted within the past three (3) years have been denied by the Court, please explain:

*Attorneys must be registered for the Court's electronic filing system to practice pro hac vice in this Court. Submission of this Application will constitute your registration (or re-registration) to use that system. If the Court signs an Order granting your Application, visit www.pacer.gov to complete the registration process and activate your e-filing privileges in the Central District of California.*

## SECTION II - CERTIFICATION

I declare under penalty of perjury that:

(1) All of the above information is true and correct.

(2) I am not a resident of the State of California. I am not regularly employed in, or engaged in substantial business, professional, or other activities in the State of California.

(3) I am not currently suspended from and have never been disbarred from practice in any court.

(4) I am familiar with the Court's Local Civil and Criminal Rules, the Federal Rules of Civil and Criminal Procedure, and the Federal Rules of Evidence.

(5) I designate the attorney listed in Section III below, who is a member in good standing of the Bar of this Court and maintains an office in the Central District of California for the practice of law, in which the attorney is physically present on a regular basis to conduct business, as local counsel pursuant to Local Rule 83-2.1.3.4.

Dated  5/16/25

Raina C. Borrelli
*Applicant's Name (please type or print)*

*Applicant's Signature*

Exhibit 25 Page 0121

## SECTION III - DESIGNATION OF LOCAL COUNSEL

Srourian, Daniel

*Designee's Name (Last Name, First Name & Middle Initial)*

Srourian Law Firm, P.C.

*Firm/Agency Name*

| | | |
|---|---|---|
| 468 N. Camden Dr. | (213) 471-3800 | (213) 471-4160 |
| Suite 200 | *Telephone Number* | *Fax Number* |
| *Street Address* | daniel@slfla.com | |
| Beverly Hills, CA 90210 | *Email Address* | |
| *City, State, Zip Code* | 285678 | |
| | *Designee's California State Bar Number* | |

I hereby consent to the foregoing designation as local counsel, and declare under penalty of perjury that I maintain an office in the Central District of California for the practice of law, in which I am physically present on a regular basis to conduct business.

Dated   5/27/25

Daniel Srourian

*Designee's Name (please type or print)*

*Designee's Signature*

## SECTION IV - SUPPLEMENT ANSWERS HERE (ATTACH ADDITIONAL PAGES IF NECESSARY)

SECTION I - INFORMATION, Cont.

List all state and federal courts (including appellate courts) to which the applicant has been admitted, and provide the current status of his or her membership.

U.S.D.C., District of Colorado, Date of Admission: 2/20/2020, Active Member in Good Standing? Yes.

U.S.D.C., Northern District of Illinois, Date of Admission: 12/21/2021, Active Member in Good Standing? Yes.

U.S.D.C., Eastern District of Michigan, Date of Admission: 12/21/2021, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 10th Circuit, Date of Admission: 3/4/2021, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 1st Circuit, Date of Admission: 11/30/2022, Active Member in Good Standing? Yes.

U.S.D.C., Central District of Illinois, Date of Admission: 2/14/2023, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 7th Circuit, Date of Admission: 5/26/2023, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 9th Circuit, Date of Admission: 9/12/2023, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 2nd Circuit, Date of Admission: 12/11/2024, Active Member in Good Standing? Yes.

List all cases in which the applicant has applied to this Court for pro hac vice status in the previous three years.

- Case No. 8:24-cv-01772, McDaniel, et al. v. Toshiba American Business Solutions, Inc., Date of Application: 1/29/2025, Granted.
- Case No. 8:24-cv-01201, Gregerson v. Toshiba American Business Solutions, Inc., Date of Application: 3/28/25, Granted.

Exhibit 25 Page 0122



# STATE OF MINNESOTA
# IN SUPREME COURT

*Certificate of Good Standing*

This is to certify that the following lawyer is in good standing

RAINA CHALLEEN BORRELLI

was duly admitted to practice as a lawyer and counselor at law in all the courts of this state on

October 28, 2011

Given under my hand and seal of this court on

May 07, 2025

*Emily J. Eschweiler*

Emily J. Eschweiler, Director
Office of Lawyer Registration

Exhibit 25 Page 0123



**EXHIBIT 26**

Exhibit 26 Page 0124

Name and address:
Daniel Srourian, Esq (SBN: 285678)
SROURIAN LAW FIRM, P.C.
468 N. Camden Dr., Suite 200
Beverly Hills, CA 90210
daniel@slfla.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Jane Doe, on behalf of herself and all others similarly situated,

Plaintiff(s),

v.

Jaime S. Schwartz MD PC and Total Lipedema Care,

Defendant(s),

CASE NUMBER

2:25-cv-02263

**APPLICATION OF NON-RESIDENT ATTORNEY
TO APPEAR IN A SPECIFIC CASE**
*PRO HAC VICE*

## INSTRUCTIONS FOR APPLICANTS

(1) *The attorney seeking to appear pro hac vice must complete Section I of this Application, the certification in Section II, and have the designated Local Counsel sign in Section III. Space to supplement responses is provided in Section IV. The applicant must also attach a Certificate of Good Standing (issued within the last 30 days) from every state bar to which he or she is admitted; failure to do so will be grounds for denying the Application. Scan the completed Application, together with any attachment(s), to a single Portable Document Format (PDF) file.*

(2) *Have the designated Local Counsel file the Application electronically using the Court's electronic filing system ("Motions and Related Filings => Applications/Ex Parte Applications/Motions/Petitions/Requests => Appear Pro Hac Vice (G-64)"), attach a Proposed Order (using Form G-64 ORDER, available from the Court's website), and pay the required $500 fee online at the time of filing (using a credit card). The fee is required for each case in which the applicant files an Application. Failure to pay the fee at the time of filing will be grounds for denying the Application. **Out-of-state federal government attorneys are not required to pay the $500 fee.** (Certain attorneys for the United States are also exempt from the requirement of applying for pro hac vice status. See L.R. 83-2.1.4.) A copy of the G-64 ORDER in Word or WordPerfect format must be emailed to the generic chambers email address. L.R. 5-4.4.2.*

## SECTION I - INFORMATION

Raina C. Borrelli

Applicant's Name (Last Name, First Name & Middle Initial)                    check here if federal government attorney ☐

STRAUSS BORRELLI PLLC

Firm/Agency Name

| 980 N. Michigan Avenue, Suite 1610 | (872) 263-1100 | (872) 263-1109 |
|---|---|---|
| | Telephone Number | Fax Number |
| Street Address | | |
| Chicago, IL 60611 | raina@straussborrelli.com | |
| City, State, Zip Code | E-mail Address | |

**I have been retained to represent the following parties:**

| Jane Doe | ☒ Plaintiff(s) ☐ Defendant(s) ☐ Other: | |
|---|---|---|
| | ☐ Plaintiff(s) ☐ Defendant(s) ☐ Other: | |

Name(s) of Party(ies) Represented

List all state and federal courts (including appellate courts) to which the applicant has been admitted, and provide the current status of his or her membership. Use Section IV if more room is needed, or to provide additional information.

| Name of Court | Date of Admission | Active Member in Good Standing? (if not, please explain) |
|---|---|---|
| State of Minnesota | 10/28/2011 | Yes |
| U.S.D.C., District of Minnesota | 11/8/2011 | Yes |
| U.S.D.C., Eastern District of Wisconsin | 5/9/2019 | Yes |

G-64 (10/23)       APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE *PRO HAC VICE*       Page 1 of 3

Exhibit 26 Page 0125

List all cases in which the applicant has applied to this Court for *pro hac vice* status in the previous three years (continue in Section IV if needed):

| Case Number | Title of Action | Date of Application | Granted / Denied? |
|---|---|---|---|
| 8:22-cv-00435 | Khederlarian v. Utility Trailer Manufacturing Co. | 7/25/2022 | Granted |
| 5:22-cv-01769 | Yauney v. HCI, LLC | 10/17/2022 | Granted |
| 2:24-cv-02761 | Rodriguez v. City of Hope National Medical Center | 7/10/2024 | Granted |
| 8:24-cv-02810 | Gehringer v. Ancestry.com Operations Inc., et al. | 1/23/2025 | Granted |
| 8:24-cv-01772 | McDaniel, et al. v. Toshiba American Business Solutions, Inc. | 1/29/2025 | Granted |

If any *pro hac vice* applications submitted within the past three (3) years have been denied by the Court, please explain:

*Attorneys must be registered for the Court's electronic filing system to practice pro hac vice in this Court. Submission of this Application will constitute your registration (or re-registration) to use that system. If the Court signs an Order granting your Application, visit www.pacer.gov to complete the registration process and activate your e-filing privileges in the Central District of California.*

### SECTION II - CERTIFICATION

I declare under penalty of perjury that:

(1) All of the above information is true and correct.

(2) I am not a resident of the State of California. I am not regularly employed in, or engaged in substantial business, professional, or other activities in the State of California.

(3) I am not currently suspended from and have never been disbarred from practice in any court.

(4) I am familiar with the Court's Local Civil and Criminal Rules, the Federal Rules of Civil and Criminal Procedure, and the Federal Rules of Evidence.

(5) I designate the attorney listed in Section III below, who is a member in good standing of the Bar of this Court and maintains an office in the Central District of California for the practice of law, in which the attorney is physically present on a regular basis to conduct business, as local counsel pursuant to Local Rule 83-2.1.3.4.

Dated _6/7/25_

Raina C. Borrelli
*Applicant's Name (please type or print)*

*Applicant's Signature*

Exhibit 26 Page 0126

### SECTION III - DESIGNATION OF LOCAL COUNSEL

Srourian, Daniel
_____
*Designee's Name (Last Name, First Name & Middle Initial)*

Srourian Law Firm, P.C.
_____
*Firm/Agency Name*

468 N. Camden Dr.                           (213) 471-3800              (213) 471-4160
_____          _____    _____
Suite 200                                   *Telephone Number*          *Fax Number*
_____          daniel@slfla.com
*Street Address*                            _____

Beverly Hills, CA 90210                     *Email Address*
_____          285678
*City, State, Zip Code*                     _____
                                            *Designee's California State Bar Number*

**I hereby consent to the foregoing designation as local counsel, and declare under penalty of perjury that I maintain an office in the Central District of California for the practice of law, in which I am physically present on a regular basis to conduct business.**

Dated _____         Daniel Srourian
                                      _____
                                      *Designee's Name (please type or print)*

                                      _____
                                      *Designee's Signature*

### SECTION IV - SUPPLEMENT ANSWERS HERE (ATTACH ADDITIONAL PAGES IF NECESSARY)

SECTION I - INFORMATION, Cont.

List all state and federal courts (including appellate courts) to which the applicant has been admitted, and provide the current status of his or her membership.

U.S.D.C., District of Colorado, Date of Admission: 2/20/2020, Active Member in Good Standing? Yes.

U.S.D.C., Northern District of Illinois, Date of Admission: 12/21/2021, Active Member in Good Standing? Yes.

U.S.D.C., Eastern District of Michigan, Date of Admission: 12/21/2021, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 10th Circuit, Date of Admission: 3/4/2021, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 1st Circuit, Date of Admission: 11/30/2022, Active Member in Good Standing? Yes.

U.S.D.C., Central District of Illinois, Date of Admission: 2/14/2023, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 7th Circuit, Date of Admission: 5/26/2023, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 9th Circuit, Date of Admission: 9/12/2023, Active Member in Good Standing? Yes.

U.S. Court of Appeals, 2nd Circuit, Date of Admission: 12/11/2024, Active Member in Good Standing? Yes.

List all cases in which the applicant has applied to this Court for pro hac vice status in the previous three years.

- Case No. 8:24-cv-01201, Gregerson v. Toshiba American Business Solutions, Inc., Date of Application: 3/28/25, Granted.

Exhibit 26 Page 0127

# STATE OF MINNESOTA
# IN SUPREME COURT

*Certificate of Good Standing*

This is to certify that the following lawyer is in good standing

RAINA CHALLEEN BORRELLI

was duly admitted to practice as a lawyer and counselor at law in all the courts of this state on

October 28, 2011

Given under my hand and seal of this court on

May 07, 2025

Emily J. Eschweiler, Director
Office of Lawyer Registration

Exhibit 26 Page 0128