Daniel Srourian, Esq. (SBN 285678)
SROURIAN LAW FIRM, P.C.
468 N. Camden Dr., Suite 200
Beverly Hills, CA 90210
Telephone: (213) 474-3800
Fax: (213) 471-4160
daniel@slfla.com

Carly M. Roman (SBN 349895)
Raina C. Borrelli (*Pro Hac Vice*)
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com
croman@straussborrelli.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE JAIME SCHWARTZ, M.D., DATA SECURITY LITIG.** | Case No. 2:25-cv-00898 <br><br> **SUR-REPLY IN OPPOSITION TO JANE DOES 1-16's MOTION TO APPOINT INTERIM CLASS COUNSEL** <br><br> Honorable George H. Wu <br><br> Date:      June 30, 2025 <br> Time:     8:30 a.m. PST <br> Courtroom: 9D |

SUR-REPLY IN OPPOSITION TO JANE DOES 1-16's MOTION TO APPOINT INTERIM CLASS COUNSEL (Case No. 2:25-cv-00898)

Raina C. Borrelli of Strauss Borrelli PLLC ("Strauss Borrelli") and Alreen Haeggquist of Haeggquist & Eck, LLP ("HAE") (collectively, "Borrelli & HAE"), offer the leadership this case demands: unparalleled experience in data breach litigation, proven records of ethical and collaborative advocacy, and HAE's in-house Credentialed Survivor Advocate who will continue to provide trauma-informed support to the putative class members.

Rather than engage with the merits of Borrelli's & HAE's qualifications, Boucher LLP ("Boucher") and Robinson Markevitch & Parker LLP ("RMP") resort to ad hominem attacks, including inaccurate accusations of forum shopping and copy-cat filings, mischaracterizing the record, questioning pro hac vice applications, and speculating about office locations. These arguments are not only misleading, but they are designed to distract from the real issue: who is best positioned to represent the ***interests of the nationwide class***. It is unfortunate that the organizational phase of these cases has devolved into personal and professional attacks that take focus away from the task at hand. Leadership is a responsibility entrusted to those who demonstrate professionalism, integrity, and commitment to the class. Borrelli & HAE have shown all these qualities and should be appointed interim class counsel.

***First,*** Borrelli & HAE firmly believe in collaboration, and that uncivil behavior does not constitute effective advocacy. It is more beneficial to the putative class to work cooperatively rather than battling for sole leadership. The present motion practice would have been unnecessary if Boucher/RMP had agreed to a slate comprised of an attorney from each of the three groups of plaintiff-attorneys, or if

SUR-REPLY IN OPPOSITION TO JANE DOES 1-16's MOTION TO APPOINT INTERIM CLASS COUNSEL (Case No. 2:25-cv-008918) - 1

1  Boucher/RMP had simply agreed to each group putting in a short application setting
2  forth their credentials. Instead, Boucher/RMP unilaterally filed their motion without
3  notice and insisted on full motion practice.

4      Borrelli & HAE consistently advocated for representation from each counsel
5  group. Borrelli Decl., ¶2. On March 30, 2025, Mr. Robinson stated he was "not able
6  to accept [a] proposal" of cooperatively working together as co-lead counsel or to
7  filing a consolidated class action complaint. ECF No. 46, ¶36. Ms. Borrelli then
8  proposed a schedule for submitting short leadership applications with no
9  oppositions. Borrelli Decl., ¶3. But Borrelli & HAE still continued to try to
10 negotiate, and after many discussions, HAE circulated a proposal granting RMP the
11 precise allocation of responsibility and management they had requested, which
12 RMP rejected outright. ECF No. 46, ¶39. In short, RMP unilaterally filed their
13 motion for appointment not because of any conduct by Borrelli or HAE, but because
14 RMP refused to accept *any* leadership structure or process that did not place them
15 solely at the helm and in control of all work and decision-making.

16     *Second,* Ms. Borrelli is eligible to practice in the Central District of
17 California. On June 13, 2025, Ms. Borrelli submitted her *pro hac vice* application
18 in this case, and it was granted. ECF. Nos. 52, 53. Ms. Borrelli's prior *pro hac vice*
19 applications in 2:25-cv-2265 and 2:25-cv-3393, which she submitted in May, were
20 originally rejected under L.R. 83-2.1.3.4 and L.R. 83-2.1.3.2. However, she has
21 since cured all deficiencies. Borrelli Decl., ¶4. Ms. Borrelli's initial application was
22 inadvertently sponsored by her colleague at Strauss Borrelli, who is admitted to

SUR-REPLY IN OPPOSITION TO JANE DOES 1-16's MOTION TO APPOINT INTERIM CLASS COUNSEL (Case No. 2:25-cv-008918) - 2

practice law in California.[1] *Id*. at ¶5.[2] As soon as Strauss Borrelli was notified of the deficiency, Strauss Borrelli addressed the oversight and associated with Daniel Srourian, who practices data breach law and serves as co-counsel with Strauss Borrelli. *Id*. at ¶5. Moreover, L.R. 83-2.1.3.2 does not prohibit attorneys who have previously applied for *pro hac vice* admission in this District from applying for *pro hac vice* admission again. Rather, the *pro hac vice* application requires identification of all cases in which the applicant has applied to this Court for *pro hac vice* status in the past three years, which Ms. Borrelli did. *See* ECF No. 52.[3]

**Third,** Borrelli & HAE have adequate time and resources to prosecute this action, with attorneys located all over the country, including in California. Strauss Borrelli has a team of ten (soon to be twelve) attorneys, three (soon to be five) paralegals, and approximately twenty staff, and is more than capable of dedicating the time and resources necessary for this case. Borrelli Decl., ¶8. Similarly, HAE has four partner-level attorneys, four associate-level attorneys, one survivor advocate, and multiple paralegals and staff. ECF No. 46, ¶21. Boucher/RMP's

---

[1] Two attorneys at Strauss Borrelli are admitted to practice in the state of California, and one attorney is located in California.
[2] Strauss Borrelli's San Francisco mailing address is not a "fake" address, but rather a legitimate address for receiving mail in San Francisco that the firm uses rather than the home address of its California-based attorney, Carly Roman, who works remotely from her residence. Borrelli Decl., ¶6.
[3] With her admission in this case, which was timely sought, Ms. Borrelli has been admitted *pro hac vice* seven times in this Court in the last three years, with only four of those cases currently active (and, other than this matter, only *Gehringer v. Ancestry* is in active litigation as the *McDaniel v. Toshiba American Business* and *Gregerson v. Toshiba Global Commerce Solutions* cases are pending final approval of class settlements). Borrelli Decl., ¶7.

SUR-REPLY IN OPPOSITION TO JANE DOES 1-16's MOTION TO APPOINT INTERIM CLASS COUNSEL (Case No. 2:25-cv-008918) - 3

contention that Ms. Borrelli will not diligently move this case forward has no support, relies on cherry-picked citations out of context, and ignores the many class action cases Ms. Borrelli has successfully prosecuted throughout her career.

**Fourth,** Borrelli & HAE are the most qualified to lead this case. This Court should not confuse years of practice of law with relevant experience. Indeed, Boucher/RMP do not contest that Ms. Borrelli is the most qualified attorney in the data breach realm and the only attorney who successfully litigated data breach class actions involving sensitive medical information of medical patients. Boucher/RMP's assertion that the release of nude photos of patients is "legally irrelevant" is not only insensitive to putative class members but ignores the dire need to take immediate steps to remediate that harm.

**Fifth,** Borrelli & HAE respectfully maintain that this action will be most efficiently litigated as a traditional class action with a narrow group of named plaintiffs. Boucher/RMP attempt to justify its significant number of plaintiffs by asserting that it chose "plaintiffs that fit within each of the relevant "groups," see ECF No. 51, p. 11, but even by these standards, fifteen plaintiffs is excessive and will only result in inefficiencies.[4]

---

[4] Boucher/RMP again cherry-pick distinguishable cases where Ms. Borrelli has served as class counsel to suggest that she is unqualified, materially misrepresenting the facts, history, and holdings of those cases. *See* ECF No. 51, pg. 11 and fn 7.  For example, in *Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-cv-00421-LK, (W.D. Wash.), a case about falsely advertised pet insurance, plaintiffs sought leave to add a named class representative from Illinois, which does not have the filed rate doctrine as a defense to claims against insurance providers. Borrelli Decl., ¶9. *Hicks v. L'Oréal U.S.A., Inc.*, No. 22 Civ. 1989, 2024 WL 4252498 (S.D.N.Y. Sept. 19, 2024) was a product mislabeling case naming 14 plaintiffs from six states who purchased

---

SUR-REPLY IN OPPOSITION TO JANE DOES 1-16's MOTION TO APPOINT INTERIM CLASS COUNSEL (Case No. 2:25-cv-008918) - 4

*And finally,* Boucher/RMP argue there "is no legitimate need for liaison counsel in this matter," but that argument ignores the facts and unique needs of this case. First, contrary to Boucher/RMP's baseless accusation, from the start Ms. Haeggquist took the lead in investigating the claims, preparing the complaint, speaking with putative class members, retaining plaintiffs, and directing the management and strategy of the case. Haeg. Decl., ¶2. Mr. Olsen, Ms. Haeggquist's partner and an experienced class action attorney, was involved in conferring with the plaintiff-group parties regarding what should have been a simple and non-adversarial process of consolidating the cases. *Id.* Second, as liaison counsel, HAE will take the lead on communicating with putative class members through its in-house Credentialed Survivor Advocate who provides trauma-informed support.[5] Finally, Borrelli & HAE provide the Court with an efficient leadership structure with two identified leaders who are as diverse as the class they seek to represent: Ms. Borrelli at the helm, with Ms. Haeggquist as her liaison. Unlike Boucher/RMP, Borrelli & HAE have a plan to ensure efficiency, collaboration, and a commitment to representing victims of digital exploitation with dignity and care.

---

different mascara products from defendant to assert more states' consumer protection laws and ensure each type of product at issue was purchased by at least one class representative. Borrelli Decl., ¶9.

[5] HAE has an office in Los Angeles and has full rights to use it for the cases it litigates in the Los Angeles area. Haeg. Decl., ¶4. Further, HAE did not advertise or solicit clients for this case but rather received referrals from various putative class members. *Id.* at ¶3. Lastly, RMP's attack on Ms. Tuulik is not only irrelevant, but also ill-founded and fails to mention that RMP again tried to get Ms. Tuulik to retain their firm after Ms. Tuulik allegedly engaged in conduct adverse to the class (she did not). ECF No. 46, ¶48.

SUR-REPLY IN OPPOSITION TO JANE DOES 1-16's MOTION TO APPOINT INTERIM CLASS COUNSEL (Case No. 2:25-cv-008918) - 5

Dated: June 17, 2025       By: */s/ Raina C. Borrelli*
                               Raina C. Borrelli (*pro hac vice*)
                               Carly M. Roman (SBN 349895)
                               STRAUSS BORRELLI PLLC
                               One Magnificent Mile
                               980 N Michigan Avenue, Suite 1610
                               Chicago IL, 60611
                               Telephone: (872) 263-1100
                               Facsimile: (872) 263-1109
                               raina@straussborrelli.com
                               croman@straussborrelli.com

                               Daniel Srourian, Esq. (SBN 285678)
                               SROURIAN LAW FIRM, P.C.
                               468 N. Camden Dr., Suite 200
                               Beverly Hills, CA 90210
                               Telephone: (213) 474-3800
                               Fax: (213) 471-4160
                               daniel@slfla.com

                               *Attorneys for Plaintiffs in Case Nos. 2:25-cv-02263 and 2:25-cv-03993*

SUR-REPLY IN OPPOSITION TO JANE DOES 1-16's MOTION TO APPOINT INTERIM CLASS COUNSEL (Case No. 2:25-cv-008918) - 6

**CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that on June 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, below, via the ECF system.

DATED this 17th day of June, 2025.

STRAUSS BORRELLI PLLC

By: */s/ Raina C. Borrelli*
Raina C. Borrelli
raina@straussborrelli.com
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

SUR-REPLY IN OPPOSITION TO JANE DOES 1-16's MOTION TO APPOINT INTERIM CLASS COUNSEL (Case No. 2:25-cv-008918) - 7